COMMONWEALTH *vs.* MICHAEL DUGAN & another.

The law does not require that a police officer for the city of Boston, appointed pur suant to *St.* 1838, *c.* 123, should be sworn to the faithful discharge of the duties of his office; and therefore a party indicted for assaulting such police officer, and obstructing him in the discharge of the duties of his office, cannot defend by showing that he had never been sworn.

THE defendants were indicted for an assault and battery on Ebenezer Pool, committed on the 21st of August 1846. The offence was charged in two counts, in the first of which it was averred that Pool was a police officer of the city of Boston, and that the offence was committed on him, whilst he was in the discharge of the duties of his office.

At the trial in the municipal court, before *Cushing*, J. it appeared that Pool was a special police officer, appointed by the mayor and aldermen, by virtue of the provisions of *St.* 1838, *c.* 123; but that he had never been sworn to the faithful discharge of the duties of his office. It was thereupon objected by the defendants' counsel, that they could not be convicted on the first count. The jury were instructed, that it was not necessary that said Pool should be sworn, in order to qualify him to discharge the duties of his said appointment; and they thereupon found the defendants guilty on the first count. But as the question of law in the case was, in the opinion of the judge, so doubtful as to require the decision

of the supreme judicial court, he made the foregoing report of the case, pursuant to the Rev. Sts. c. 138, § 12.

*F. W. Sawyer*, for the defendants.

*S. D. Parker*, for the Commonwealth.

Shaw, C. J.   The first question is, whether the law requires the police officer to be sworn.   The office of a police officer is not one known to the common law ; it is created by statute, and must be regulated and administered according to the statute.   These officers are appointed in pursuance of *St.* 1838, *c.* 123, which is in these words : " The mayor and aldermen of the city of Boston may, from time to time, appoint such police officers for said city, as they may judge necessary, with all or any of the powers of the constables of said city, except the power of serving and executing civil process ; and the said police officers shall hold their offices during the pleasure of the said mayor and aldermen."

It is conceded that this statute does not, in terms, require these officers to be sworn ; yet it is insisted that they are in effect constables, with limited powers, and are within the provision requiring constables to be sworn.   Rev. Sts. c. 15, § 33.   But the court are of opinion that they are not required to be sworn.   They are not constables in fact, or in name ; they hold their offices, not annually, but at the pleasure of the mayor and aldermen ; the reference to that part of the duties of the office of constables, which makes them peace officers, is merely a comprehensive mode of describing the duties of a new office.   *Commonwealth* v. *Hastings*, 9 Met. 259.

This decision renders it unnecessary to consider whether, if the law required this officer to be sworn, it would be competent for persons indicted for assaulting him, and obstructing him in the performance of his duty, to insist upon the fact, by way of defence, that the officer had not been sworn, if he was, in fact, in the exercise of the duties of the office ; and whether proving him to be an officer *de facto* would be sufficient to support the averment.

*Exceptions overruled.*