ISAAC DAYTON, Public Administrator, etc., Respondent, *v.* WILLARD JOHNSON, Appellant.

In an action against the sureties upon a bond given by a special administrator or collector under the statute (2 R. S., 77, § 43), a recital in the bond that the surrogate was about to issue letters, with proof that defendant's principal acted as special administrator, was called to account and was decreed to be in default as such, is sufficient without proof of the actual appointment and the issuing of letters to the special administrator; it is not necessary that the bond should state an actual appointment.

As to whether in such an action a decree of the surrogate adjudging defendant's principal to be in default and determining the amount thereof is competent evidence against the defendant to show a breach of the bond, it appearing by the decree that the citation upon which the proceedings before the surrogate were based was only served upon such principal by publication, *quære:* (MILLER and EARL, JJ., holding that it was competent, that the service was sufficient to give the surrogate jurisdiction; CHURCH, Ch. J., ALLEN and FOLGER, J. J., that it was not, that service by publication gave the surrogate no jurisdiction.)

It is to be presumed in favor of the validity of proceedings appointing a special administrator that he took the oath required by law.

In such an action upon due proof being made that upon the settlement of the accounts of defendant's principal, it appeared an amount of money

remained in his hands which he had failed to pay over, the burden is upon the defendant to show that this has been paid over; the presumption is that it has not been, and to escape liability the presumption must be rebutted by proof that it has.

A public administrator who has succeeded to the rights of a special administrator, and to whom the bond of the latter has been duly assigned for the purpose of prosecution (§ 65, chap. 460, Laws of 1837), may bring an action as public administrator upon the bond.

(*People* v. *Norton,* 9 N. Y., 176, distinguished.)

(Argued November 29, 1876 ; decided April 24, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict.

This action was brought by plaintiff as public administrator in the city of New York, and as administrator with the will annexed of Charles Breusing, deceased, against defendant as one of the sureties upon a bond alleged to have been given upon the appointment of Charles T. Baldwin, as collector or special administrator of the estate of said deceased.

The bond recited that " the surrogate of the county of New York is about to issue special letters of administration " to said Baldwin, and was conditioned that said Baldwin should make a true inventory and truly account for all property received by him as such collector, etc. This was given in evidence on the trial; plaintiff then gave in evidence an order of the surrogate of New York, which recited that said collector had not deposited money belonging to the estate as required by law, and had departed from the State; that a citation had been issued directing him to show cause why he should not deposit said moneys, which was duly served, but that said Baldwin made default and did not appear, and thereupon ordered that the special letters of administration issued to said Baldwin be revoked. This order was objected to as incompetent and irrelevant, and also because there was no proof of the service of the citation. The objections were overruled and defendant's counsel excepted.

Plaintiff then offered a decree of said surrogate which recited that it appeared from the papers in his office, that the then pubic administrator was administrator with the will annexed of said Breusing; that special letters of collection were issued to Baldwin which were thereafter revoked, and the public administrator was appointed administrator with the will annexed, and had duly qualified and was acting as such; that said Baldwin was by order of the court required to account "that said order was duly served upon the said Baldwin by publication as required by the statute," and that he failed to appear, etc.   It was adjudged and decreed that there remained in the hands of said Baldwin the sum of $11,671,58 belonging to said estate, to which the public administrator as administrator of said estate was entitled, which sum with interest said Baldwin was directed to pay over.

This decree was objected to as incompetent and irrelevant, and also that it appeared upon the face of the decree that the service of the citation or notice was by publication, which was not an authorized service.   The objections were overruled and exception taken.

The letters of administration issued to the public administrator were also offered in evidence.   These were objected to on the ground that Breusing having left a will the surrogate had no authority to appoint the public administrator. The objection was overruled and exception taken.

It appeared that execution was issued on the decree and that upon its return unsatisfied an order was made by the surrogate assigning the bond to the public administrator.

Some evidence was given as to the amounts of money paid to and received by Baldwin as special administrator.

At the close of plaintiff's evidence defendant's counsel moved for a nonsuit upon the following grounds among others:

"1st. That it is not shown that a proper case existed for the appointment of a collector.

2d. That the bond taken from the alleged collector is not valid, nor was it authorized to be taken by the statute.

3d. That there is no authority in the statute authorizing the surrogate to make an order for the assignment, or assigning the bond in question to the public administrator.

4th. That there is no authority in the statute for the surrogate to authorize the prosecution of the bond in question, in the name of any person, as public administrator.

5th. That the public administrator as such, had no right to meddle with the estate of Breusing, deceased, it appearing that he left a will which was duly admitted to probate. And in such cases he, the public administrator, has no rights conferred upon him by statute."

The motion was denied, and said counsel duly excepted.

The court directed a verdict for $14,066.19, the amount stated in the decree with interest, to which defendant's counsel duly excepted; a verdict was rendered accordingly. Exceptions were ordered to be heard at first instance at General Term.

*Francis Kernan,* for the appellant. In order to hold defendant it was necessary to prove, by competent evidence, that the bond became a valid obligation against him. (3 R. S. [5th ed.], 160, 161, §§ 38–41, 43.) Defendant is not liable because it was not proved that the surrogate ever issued to Baldwin letters of administration, authorizing the preservation and collection of the goods of Breusing. (3 R. S. [5th ed.], 161, § 51.) The court erred in admitting the decree of November 4, 1867, as evidence against defendant of a breach of the condition of the bond. In order to obtain jurisdiction it was necessary to show personal service of the citation on Baldwin. (Laws 1864, chap. 71, 107; N. Y. Stat. at Large, 232.) Facts were not shown to give the surrogate of New York jurisdiction to appoint the public administrator as such administrator, with the will annexed. (3 R. S. [5th ed.], 209, §§ 19, 20, 23; 3 R. S. [5th ed.], 156, 157, §§ 14, 22; 3 R. S. [5th ed.], 205.) The order of the surrogate assigning the bond for prosecution was void. (Laws 1837, chap. 460, 535, §§ 63–65; Laws 1840, chap.

104, 9, § 1.) This action could not be maintained by plaintiff in his capacity of public administrator. (*People* v. *Norton*, 5 Seld., 176.)

*Elial F. Hall*, for the respondent. The service by publication of the order to account was sufficient. (Laws 1837, chap. 460, § 76; 4 Edms. Stat. at Large, 500; 2 id., 94; 3 R. S. [5th Banks' ed.], 178; *Gottsberger* v. *Smith*, 2 Bradf., 86; 5 Duer, 566; *Gottsberger* v. *Taylor*, 19 N. Y., 150; Dayton on Surr. [2d ed. of 1855], 454; Sedg. on Stat. and Const. Law, 359, 360; *Seaman* v. *Duryea*, 11 N. Y., 324; 10 Barb., 523; *Thayer* v. *Clark*, 48 id., 243; 4 Abb. [Ct. App. Dec.], 391; *Annett* v. *Kerr*, 2 Robt., 556; *D. & L. Plank Road Co.* v. *Allen*, 16 Barb., 15.) This action could be maintained as an action at common law for a breach of the bond. (*Postmaster-General* v. *Cochran*, 2 J. R., 413; Story's Confl. of Laws, § 539; *Weed* v. *Tucker*, 19 N. Y., 433; *Ayres* v. *Lawrence*, 59 id., 192; *Foster* v. *Julien*, 24 id., 28; 2 Pars. on Con. [5th ed.], 676; *Cranley* v. *Hillary*, 2 M. & S., 120; 2 Chit. on Con. [11th Am. ed.], 1, 204.) The objection that plaintiff could not bring this action, to have been available, should have been raised by demurrer. (*Bank of Lowville* v. *Edwards*, 11 How. Pr., 217; *Myers* v. *Machado*, 14 id., 149; 6 Abb. Pr., 189; *Hobart* v. *Frost*, 5 Duer, 672; *Phœnix Bank* v. *Donnell*, 40 N. Y., 410; Graham's Pr., 754; V. S. Pleadings, 169; 2 Edms. Stat., 78, § 40; Mitford's Ch. Pleadings [6th Am. ed.], 180; *Tourton* v. *Flower*, 3 P. Wms., 369; *Robbins* v. *Wells*, 26 How. Pr., 20; *Baggott* v. *Boulger*, 2 Duer, 160; *People* v. *Crooks*, 53 N. Y., 648.) The present plaintiff is the real party in interest, and the proper party to bring the action. (*Baggott* v. *Boulger*, 2 Duer, 160; *O'Connor* v. *Such*, 9 Bosw., 318; *People* v. *Norton*, 9 N. Y., 176; 4 Abb. Dig. [new ed.], 674; *Erickson* v. *Compton*, 6 How. Pr., 471; *Morgan* v. *Reid*, 7 Abb. Pr., 215; *Lawrence* v. *Fox*, 20 N. Y., 268; *Hutchings* v. *Miner*, 46 id., 456; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; 1 Pars. on Con. [5th ed.], 468.) The acts of the surrogate were not

without jurisdiction. (3 R. S. [5th ed.], 209; 2 id. [Edms. ed.], 127; 1 Greenl. Ev., § 550; *Newman* v. *Jenkins*, 10 Pick., 515; *Barber* v. *Winslow*, 12 Wend., 102; *Belden* v. *Meeker*, 2 Lans., 475; 47 N. Y., 307; *Rowe* v. *Parsons*, 6 Hun, 338; *Flinn* v. *Chase*, 4 Den., 85; *People* v. *Falconer*, 2 Sandf., 83; *Fake* v. *Whipple*, 39 N. Y., 394.)

MILLER, J. The bond upon which this action was brought, was executed in accordance with the provisions of section 43 (2 R. S. [Edmond's Edn.], 7, 9), having in view the appointment of Charles T. Baldwin as collector or special administrator of the estate of Charles Breusing, deceased, who had died leaving a will without naming any executor. Baldwin was appointed while proceedings were in progress for the probate of the will, before the surrogate of the county of New York. Various objections are urged to the validity of the bond, but none of them are of a character to authorize the conclusion that it was not made in accordance with the statute, and is not a legal and binding instrument. The point made, that it was not proved that the surrogate ever issued letters to Baldwin, or that he was legally constituted collector or special administrator, does not appear to have been distinctly taken upon the trial. The only way in which it can be said to have been raised, is that at the close of the case, a motion was made to dismiss the complaint upon the ground among others, that the evidence was insufficient to sustain the action. No defect is stated in this respect, and no objection was made to the evidence subsequently introduced of the inventory, the order making the letters and other testimony upon any such ground. Had it been presented, the objection might have been obviated by the introduction of the letters.

The case seems to have been tried on the theory that they were in evidence, as the subsequent proceedings would appear to indicate, and hence it is too late to raise the objection upon this appeal. The recital in the bond that the surrogate was about to issue letters was in accordance with the usual

form of such an instrument, and of itself sufficient without stating an actual appointment as special administrator, and as the proof showed that Baldwin acted as such administrator, was called to account, decreed to be in default in that capacity, and the letters to him revoked, it sufficiently appeared that he had accepted the position, and the bond was valid against his sureties.  Nor is there sufficient ground for contending that the paper purporting to be an inventory was not evidence against the defendant.  It was introduced as an inventory and appraisement filed in the surrogate's office, no doubt for the purpose of showing the amount and value of the property of the testator which came into Baldwin's possession, and no objection was interposed that it was not the inventory of the administrator or that it was imperfect on account of the absence of a statement that it was made under the direction of Baldwin.  In the absence of any specific objection, and inasmuch as any such objection might have been obviated if seasonably made, it may be assumed, we think, that there was a waiver of the objection now urged, and that the inventory was considered as containing all which was required.  The order revoking the letters and the decree of the surrogate also tended to establish that the defendant was liable.  They were valid as against Baldwin, and being binding upon him, were obligatory upon the sureties to the bond.  It is said they were made without the service of any notice of the proceedings upon Baldwin, and were properly objected to for that reason. The order revoking the letters recites that the citation had been duly served, and the decree shows that it appeared that the order requiring Baldwin to account was duly served by publication as required by statute.  This was *prima facie* evidence of service on Baldwin, and the legal presumption is that the proper proof was furnished.

As a general rule, the recital in the decree of a court of inferior jurisdiction of the facts necessary to give jurisdiction, is *prima facie* evidence of such facts, subject to be contradicted, but sufficient *per se* to uphold the proceeding if

uncontradicted. (*Barber* v. *Winston*, 12 Wend., 102; *Belden* v. *Meeker*, 2 Lans., 47; affirmed in 47 N. Y., 307.) Whether service by publication is sufficient in such a case, will hereafter be considered.

So, also, it is to be presumed in favor of the validity of the proceedings that the administrator took the oath required by law, and that letters were not issued until this was done.

It is insisted that it was not proved that there had been any breach of the bond. The proceedings had before the surrogate show to the contrary, and it was, we think, quite sufficient to establish such breach, that upon the accounting, Baldwin was found to be in default for a large amount, which he has utterly failed to pay to the public administrator. The money being in Baldwin's hands, as the proof shows, it was his duty to pay it over. The presumption is that he did not, and to escape liability that presumption should be rebutted by proof that he did. If it had been paid to O'Brien, Baldwin's successor in office, it devolved upon the defendant to prove this fact. The balance due was admitted upon the trial, and if Baldwin had lawfully disposed of it, this should have been shown by the defendant. The general rule is, that the party indebted must seek the creditor, and no reason exists why it should not apply to Baldwin. The proof also showed that Baldwin had absconded, and of course could not be reached personally. There was no duty, therefore incumbent upon the plaintiff to seek Baldwin, nor was the plaintiff called upon to prove negatively that O'Brien had not received the amount of Baldwin's deficiency.

The objection that the court erred in admitting the decree as evidence against the defendant of a breach of the condition of the bond, is not well taken. We have already discussed the effect of the evidence in another connection, and the particular objection urged, that service by publication was insufficient to give the surrogate jurisdiction, remains to be examined and considered. The claim that service "by publication" is not good as to a special administrator, and

that. personal service is required is not, we think, well founded. The provision in chapter 71 (§ 7), of the act of 1864, in relation to special administrators or collectors, that upon an accounting of such officer the citation is "to be served on him," has no such special significance as to require personal service, and is not intended to exclude a service by publication. The act does not provide in what manner the citation in such case shall be served, whether personally or by publication; and in the absence of any specific enactment, it is a fair presumption that the service was intended to be made in accordance with the practice which had long existed, and to which it was an addition, in proceedings of a similar character. This practice was by publication where an administrator against whom a proceeding had been instituted had become a resident of another State. (3 R. S. [5th ed.], 178–9, § 58; 182, § 75).

The provisions referred to are, we think, applicable to a special administrator or collector. The statute of 1864 is of a remedial character, and according to a well settled rule is to be construed liberally and beneficially, so as to advance the remedy, and everything is to be done in this respect which can be consistently with any construction that can be put upon it. (Sedg. on Stat. and Const. Law, 359, 360; Seaman v. Duryea, 11 N. Y., 324.) A different interpretation would render an accounting in such a case of no avail, where personal service of the citation could not be obtained by reason of a change of residence of the special administrator, or of his absconding from the State, thus frustrating, to some extent, the design and purpose of the act.

There is no ground for claiming that the plaintiff as public administrator had no title to or right of action upon the bond in suit. He was regularly appointed, and succeeded to the rights of the special administrator and of his predecessors according to law, and being entitled to the money under the decree, the assignment of the bond was properly made for the purpose of being prosecuted as the statute requires. (3 R. S. [5th ed.], 366, § 19.) The statute evidently was

intended to authorize a prosecution by the person entitled under the surrogate's decree to the amount unpaid, and the principal having failed to account or to deliver up the money to the person appointed administrator, there was no legal defence to the action upon the bond. (3 R. S. [5th ed.], 161, 162, § 43.

There is no valid objection to the order of the surrogate assigning the bond for prosecution. It was evidently made in accordance with the provisions of the statute (4 Stat. at Large, 498, §§ 63, 64, 65), and there is no ground for claiming, as we have already seen, that the decree upon which the assignment was based, was for any reason invalid and unauthorized.

The action was properly brought in the name of the plaintiff as public administrator, who had lawfully succeeded to the rights of Baldwin. There may be cases where an action on an instrument of this nature may be brought in the name of the people; but when the party has proceeded by execution in the first instance on the decree, the action was properly brought in the name of the person to whom it was assigned. (Red. S. & P. of Surrogates' Courts, 427, 428.)

Such an action in the name of the real party in interest, is also in accordance with § 111 of the Code. (*Baggott* v. *Boulger*, 2 Duer, 160; *O'Connor* v. *Such*, 9 Bosw., 318.

*The People* v. *Norton* (9 N. Y., 176), merely holds that an action on the bond of a trustee given to the people, for the benefit of those interested in the trust estate, is properly brought in the name of the people, they being " trustees of an express trust " within the meaning of § 113 of the Code of Procedure. This is not in conflict with the right of the plaintiff to maintain this action under the assignment of the surrogate. It may also be upheld in the name of the plaintiff, upon the ground that the obligation which the bond created, was for the benefit of the administrator finally appointed, and such being the fair interpretation of the language employed, the plaintiff was entitled to maintain an action for

a violation of this condition. (*Gottsberger* v. *Taylor*, 19 N. Y., 150.)

There was no valid exception to the different rulings made upon the trial in regard to the admission of evidence which has not already been considered, and after a careful examination it is apparent that none of such rulings were erroneous.

No other objections are urged which demand comment, and there being no valid grounds for reversing the judgment, it must be affirmed with costs.

CHURCH, Ch. J., ALLEN and FOLGER, JJ., dissent on the ground that the decree of the surrogate against the principal in the bond (Baldwin) is not evidence in the action against the surety, for the reason that the surrogate did not acquire jurisdiction by the service of the citation on Baldwin by publication, and the judgment was based entirely upon the decree, not on the evidence of the assets which had come to the hands of Baldwin. The complaint was solely on the decree; the evidence as to the assets was not regarded by the court in giving the judgment, and did not warrant or sustain the judgment. The judgment was for the precise amount of the decree, and upon the decree, and could not be arrived at by evidence *aliunde.*

EARL, J., concurred in the opinion of MILLER, J., and was also for affirmance on the ground that the evidence *aliunde* the decree sustained the judgment, and warranted an affirmance.

RAPALLO and ANDREWS, J., were for affirmance on the ground last stated.

Judgment affirmed.