THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* HARMON GROAT, APPELLANT, IMPLEADED, &c.

*Bond given by an applicant for a tavern license—when an action lies upon it, though it has no seal—what officers must prosecute an action upon it—action may be brought in the name of The People—1857, ch.* 628, §§ 7, 22, 24.

In an action to recover the penalty incurred by a breach of the condition of the bond required by section 7 of chapter 628 of 1857, to be given by an applicant for an inn, tavern, or hotel license, it is no defense to show that the instrument executed and delivered by the applicant, and upon which the license was issued, had no seal.

An action to recover the penalty incurred by a breach of the condition of such a bond must be prosecuted by the officers named in section 24 of the said act, and not by those named in section 22 thereof.

Such an action may be brought and prosecuted by the officers named in the said section 24 in the name of the people as obligees of the bond.

*Semble,* that the action would not be maintainable in the name of the people as trustees of an express trust.

APPEAL from an order made at Special Term, granting a new trial upon a motion made upon a case and exceptions, after a nonsuit ordered at the Circuit.

The action was originally commenced in the Otsego Circuit Court and was certified to the Supreme Court on account of the disqualification of the county judge to hear and determine it. It was brought to recover the penalty incurred by a breach of the condition of the bond given by the defendant upon applying for and receiving an inn, tavern or hotel license. The breach complained of was the suffering and allowing gambling to be carried on in his inn. The complaint alleged, among other things, " that at a meeting of the Board of Trustees of the said village of Coop-

erstown, held on the 31st day of March, 1879, it was resolved by said Board that proceedings be had and taken and an action commenced, and it was ordered, determined and resolved by said Board, to prosecute the said bond and recover the penalty given thereby; and this action is prosecuted in behalf of said Board of Trustees of said village where the said defendant Groat resides, to recover the penalty which has accrued to the said Board by reason of such breach in said bond, and this plaintiff alleges and shows that an action hath accrued to this plaintiff upon said bond, and the said defendants are indebted to this plaintiff by reason of such breach in the sum of $250, and this plaintiff is entitled to have, receive and recover of the said defendants the said sum of $250.

" Wherefore the plaintiff demands judgment against the defendants for the sum of $250, with the costs of this action."

The defendant claimed that the action could not be maintained in the name of the people, and also that the bond was void for want of a seal. The complaint was dismissed at the Circuit. The plaintiff thereafter moved for a new trial, which motion was granted.

*L. I. Burditt*, for the appellant.

*George Brooks*, for the respondent.

LEARNED, P. J. :

The want of a seal did not prevent a recovery. (*Kelly* v. *McCormick*, 28 N. Y., 318; *Shaw* v. *Tobias*, 3 N. Y. 190.) The case of *Tiffany* v. *Lord* (65 N. Y., 310), cited by the defendant, is not in point, because that was not an action by the person whose property had been taken by virtue of the attachment, and who might, therefore, insist on any defect in the papers.

The people are the obligees in the instrument; therefore they are the proper plaintiffs, unless there is some statutory law which requires the action to be brought in the name of some other person. The bond was taken under section 7 of chapter 628 of Laws of 1857. Section 24 of the same chapter makes it the duty of the commissioners of excise, &c., to prosecute the bond, in case of violation, " and recover the penalty therefor." Section 22, as

amended by chapter 820 of Laws of 1873, directs that the penalties imposed by the act, except those penalties provided for in certain sections (not including the 7th), shall be sued for and recovered in the name of certain officers specified.

Now we may say, first, that this is not an action for a penalty *imposed*. The amount in which an obligor is bound is called the penalty of the bond. But when section 22 speaks of *penalties imposed*, it refers to fines and forfeitures. This is made plain (if there could be a doubt) by reference to the excepted sections, viz., 8, 15, and 19. Section 22, then, does not determine in whose name an action on this bond must be brought.

Next, it is urged, and this is the view taken by the learned justice who granted a new trial, that the people were the trustees of an express trust, and, therefore, that the action is properly brought in their name. It is true that in *People* v. *Norton* (9 N. Y., 179), where a bond had been given to the people by a trustee of certain children, it was held that an action thereon might be maintained in the name of the people as trustees for the benefit of those children. That case is explained in *Dayton* v. *Johnson* (69 N. Y., 419). Without criticising it, we may notice that, in that case, the children could be said to be *cestuis que trusts*, for whose benefit the people could be said to hold the bond given by the trustee for the faithful performance of his duty. But in the present case, who are the *cestuis que trust* for whom the people can be said to hold this bond? There are none. Nor is there property in which any person has a beneficial interest. There cannot be a trust, unless there be some beneficiary. Furthermore, a trust always implies the existence of property over which it is to be exercised. In this case, therefore, the people are not trustees of an express trust.

But as the people are obligees in the bond, there is no difficulty in their maintaining the action simply as obligees, unless section 24, above cited, prevents. The language is, that it shall be the duty of, &c., "to prosecute the same and recover the penalty therefor." The complaint in this case avers that the action is prosecuted by the trustees of the village (officers mentioned in that section). We have, therefore, only the question whether the section, which makes it their duty to prosecute and recover, necessarily means that they

must prosecute and recover in their own names. There is no need of giving this construction. It is enough to understand the section as authorizing the officers therein named to conduct and control the action, and to recover the penalty; and for that purpose to bring the action in the name of the obligee, the people. The section does not expressly require them to sue in their own names.

For these reasons, we think the order granting a new trial should be affirmed, with costs.

Present—LEARNED, P. J., and BOCKES, J.; MARTIN, J., taking no part.

Order affirmed, with costs.