SUSAN A. JOHNSTON, Respondent, *v.* JUDSON SMITH, Appellant, Impleaded, etc.

*Insurance policy is assets — examination by surrogate before issuing letters — Presumption arising from the issuing of letters — Estoppel on principal and sureties on administrator's bond — decree of surrogate, conclusive on sureties.*

The interest of B., in an insurance policy issued upon the life of A., as one of the parties to whom the amount provided to be paid on the death of A. is made payable, constitutes assets within the definition of the Revised Statues, and gives jurisdiction to the surrogate of the county in which the policy is, to issue letters of administration upon the estate of B.

It is not essential that the examination under oath, which the surrogate is authorized to make before issuing letters of administration, should be embodied in a verified petition.

The legislature has power to authorize a surrogate to sign orders entered, but left unsigned by his predecessor in office.

It is presumed, where letters of administration are issued, that proper evidence of the facts giving jurisdiction to the Surrogate's Court, was given before the surrogate.

Letters of administration, regular upon their face, are presumptive evidence of the legal appointment of the administrator named therein.

It will be presumed, in the absence of proof to the contrary, that an administrator of an estate has taken the oath of office.

The execution of an administrator's bond precludes both principal and sureties from gainsaying the surrogate's jurisdiction, in any proceeding taken against them for the purpose of obtaining the assets which the appointment and the bond have enabled the principal to receive.

The decree of the surrogate, upon an accounting by an administrator, is conclusive both against the administrator and also against his sureties, in an action against them upon the administrator's bond.

APPEAL by the defendant, Judson Smith, from a judgment, entered on the decision of the court in favor of the plaintiff.

The action was brought against Judson Smith, the appellant, and Barna R. Johnson and Yelles Belcher, to recover on an administrator's bond, signed by defendant Johnson as principal, and by the other defendants as sureties. The defendants appeared and defended separately. Trial was had at the Broome Circuit, before Mr. Justice FOLLETT, without a jury. Judgment was entered on his decision for the plaintiff, and the defendant, Smith, appealed from the judgment.

The court found among other things as follows : That Susan A. Johnston is the widow of Samuel T. Johnston, and that Lowery S. Johnston, Samuel C. Johnston, Ida M. Johnston and Martin D. Johnston were children of Susan A. Johnston and Samuel T. Johnston. That on February 1, 1866, Samuel T. Johnston and Susan A. Johnston, his wife, were residents of the borough of Susquehanna, county of Susquehanna, State of Pennsylvania, where Lowery S. Johnston resided and was an inhabitant.

That on February 1, 1866, said Lowery S. Johnston died intestate at said borough of Susquehanna, Susquehanna county, Pennsylvania.

That in August, 1868, Samuel T. Johnston and Susan A. Johnston removed to the city of Binghamton, in the State of New York, and became residents thereof, and that on March 24, 1869, Samuel T. Johnston died at the city of Binghamton, New York.

That on July 24, 1863, the New York Life Insurance Company issued a policy upon the life of Samuel T. Johnston for the sum of $1,500, payable to his children, Samuel C., Ida M., and Lowery S. Johnston, or legal representatives, share and share alike. Shortly after the death of Samuel T. Johnston the insurance company paid to Barna R. Johnston the amount of the policy. One-third of this amount was paid to him as administrator of Lowery S. Johnston, and two-thirds of it to him as guardian of Samuel C. and Ida M. Johnston, and that when said Samuel T. Johnston removed to Binghamton from Susquehanna he brought such insurance policy with him, and it was in Broome county when he died.

That on May 6, 1869, said Susan A. Johnston verified and presented to the surrogate of the county of Broome a petition praying that letters of administration be issued upon the estate of Lowery S. Johnston, a copy of which petition is here set forth as follows :

*To the Surrogate of the County of Broome, N. Y. :*

The petition of Susan A. Johnston of the city of Binghamton, in the county of Broome, respectfully showeth, that Lowery S. Johnston of the borough of Susquehanna, in the county of Susquehanna, and State of Pennsylvania, died in the said borough of Susquehanna on or about the first day of February, in the year of our Lord one thousand eight hundred and sixty-six; that at the time of his death he was an inhabitant of the county of Susque-

hanna aforesaid ; that he left no will as far as your petitioner has heard or been able to discover ; that he left him surviving a father, since deceased, your petitioner his mother, and brothers and sisters, to wit : Samuel C. Johnston, Ida M. Johnston and Martin D. Johnston ; and your petitioner further showeth that all the goods, chattels and credits of the said deceased do not exceed in value the sum of $500, and your petitioner prays that letters of administration of the goods, chattels and credits of the said deceased may be granted by the surrogate to Barna R. Johnson, the general guardian of Samuel C., and Ida M. Johnston aforesaid.

SUSAN A. JOHNSTON.

Dated *May*, 5, 1869.

BROOME COUNTY SURROGATE'S COURT, *ss. :*

On the 5th day of May, 1869, personally appeared before me, in open court, Susan A. Johnston, the above named petitioner, and made oath that the matters set forth in the above petition are true to the best of the knowledge, information and belief of said petitioner.

NEWELL D. WHITNEY,

*Surrogate's Clerk.*

BROOME COUNTY, *ss. :*

I, Barna R. Johnson, do swear that I will well, honestly and faithfully discharge the duty of administrator of the estate of Lowery S. Johnston, deceased, according to law.

Subscribed and sworn the        day of        18    before me.

Indorsed as follows :

SURROGATE'S COURT : Lowery S. Johnston, deceased. Petition for letters of administration, filed May 5, 1869.

No citations were issued upon such petition.

That on May 11, 1869, an order was entered in the order book relating to the administration of estates of which the following is a copy :

At a Surrogate's Court, held at Binghamton, in and for the county of Broome, on the 11th day of May, 1869 — present, H. S. Griswold, surrogate.

In the matter of the administration of the goods, chattels and credits which were of Lowery S. Johnston, deceased.

On reading and filing the petition of Susan A. Johnston, the mother of Lowery S. Johnston, late of the town of Susquehanna, Pa., in the county of Susquehanna, Pa., deceased, praying that the administration of all and singular the goods, chattels and credits which were of said deceased, be granted to Barna R. Johnston, and it appearing that no person has a prior right thereto ; and a bond with two competent sureties, as required by law, having been filed, and the oath of office duly taken and subscribed by said Barna R. Johnston, who is in all respects competent to act as administrator of the personal estate of said deceased, it is ordered that the prayer of the petition herein be granted, and that letters of administration be issued to said Barna R. Johnson; and it is further ordered that        and        of said county, two disinterested persons, be, and they are hereby appointed appraisers to estimate and appraise the personal property of the deceased.

W. B. EDWARDS,
_Surrogate._

Signed April 23, 1880, by me.
W. B. EDWARDS,
_Surrogate._

Said order, at the time it was issued, was not signed by Horace S. Griswold, the then surrogate of the county of Broome. That in August, 1870, Horace S. Griswold died, and in August, 1870, Benjamin N. Loomis became the surrogate of the county of Broome by appointment, and held until January 1, 1871, when William B. Edwards became surrogate of said county, and has continued to be the legal and acting surrogate of said county until this day, having been once re-elected to fill the second term of office meanwhile. That April 30, 1880, William B. Edwards signed the aforesaid order, pursuant to chapter 9 of the Laws of 1874, also pursuant to chapter 298 of the Laws of 1878, and other statutes that may relate thereto. That on May 7, 1869, letters of administration were issued, signed and delivered by said Horace S. Griswold, surrogate as aforesaid, to Barna R. Johnson.

That upon due inquiry and search made by the clerk of the Surrogate's Court of the county of Broome, no oath of Barna R. Johnson as administrator can be found in the records of said office, but

that an oath prepared in the usual form and annexed to the petition, but unsigned, is found.

That on May 5, 1869, Barna R. Johnson, as principal, and Judson Smith and Yelles Belcher, as sureties, signed a bond in the usual form.

That February 2, 1880, Barna R. Johnson verified and filed a petition in the Surrogate's Court of Broome county, asking for an accounting upon the estate of said Lowery S. Johnston, and on April 23, 1880, upon the aforesaid petition, the surrogate of the county of Broome entered a decree, by which it appeared that there was a balance of the estate of said Lowery S. Johnston in the hands of his administrator.

A copy of this decree was served upon Barna R. Johnson, May 7, 1880.

April 24, 1880, the said surrogate issued a certificate setting forth the provisions of the decree as to the payment of such balance.

This certificate was filed in the office of the clerk of the county of Broome, April 24, 1880, and the same was duly entered and docketed in the books kept for docketing judgments.

April 26, 1880, an execution, in the usual form, was issued upon said decree and certificate to the sheriff of the county of Broome. May, 7, 1880, the sheriff of the county of Broome returned said execution wholly unsatisfied, which execution and return thereon were filed in the office of the clerk of the county of Broome, May 7, 1880.

April 24, 1880, the plaintiff filed a petition in the office of the surrogate of the county of Broome, asking that the bond be assigned to the plaintiff for the purpose of prosecution as far as her interest therein might appear.

That on May 7, 1880, the surrogate of the county of Broome made and entered an order assigning the bond.

That the usual practice of the Surrogate's Court of the county of Broome, in 1869, was for the administrator to subscribe the oath prepared in blank upon the paper containing the petition.

*G. L. Sessions*, for the appellant.

*Clark, Brown & Babcock*, for the respondent.

BOARDMAN, J.:

The insurance policy held by Samuel T. Johnston, in Broome county, at the time of his death thereby became assets, in part belonging to Lowery S. Johnston's estate. Until Samuel T. Johnston's death it was a contract imposing upon the insurance company the obligation to pay to the representatives of Lowery S. Johnston a certain sum of money upon certain terms and conditions. It was a thing in action and an asset within 2 Revised Statutes, *83, § 6, sub. 8. Such asset was within the county of Broome and came there after the death of Lowery S. Johnston. (2 R. S., *73, § 23, sub. 4.) The surrogate of Broome county, therefore, had jurisdiction of the subject-matter.

By section 26 of 2 Revised Statutes, *74, the surrogate is authorized to make preliminary examinations under oath as to essential facts before granting letters of administration. In practice it is usual to embrace such facts in a sworn petition. It is not, however, deemed essential that they should be so stated and, in the absence of proof to the contrary, it may be presumed, in favor of the performance of official duty and of the regularity of official acts, that proper evidence of jurisdictional facts was given before the surrogate. Especially is this so in view of the recitals in the letters of administration. ( *Westcott* v. *Cady,* 5 Johns. Ch., 334, 343 ; *Bolton* v. *Brewster,* 32 Barb., 389, 394 ; *Shuyer* v. *Richman,* 16 Ohio St., 455 ; *Van Deusen* v. *Sweet,* 51 N. Y., 385 ; *Porter* v. *Purdy,* 29 id., 106.)

The letters issued to Mr. Johnson, as administrator, are regular upon their face, and are presumptive evidence of his legal appointment. (*Belden* v. *Meeker,* 47 N. Y., 307, 310 ; *Farley* v. *McConnell,* 52 id., 630.) No evidence is given to overthrow such presumption.

Such presumption renders it unnecessary to notice the several objections taken to the order granting letters, to the letters granted, to the bond and to the issuing of letters without citation. But a word may be said as to each.

The order was made valid and effectual, under Laws of 1874 (chap. 9), when signed by Judge EDWARDS.

It will be presumed, in the absence of proof to the contrary, that Johnson took the oath of office. (Cases cited *supra,* and *Dayton*

v. *Johnson*, 69 N. Y., 419, 426.) Also that the bond was duly acknowledged, and that the certificate was not signed, by mistake or oversight ; besides it would be an irregularity only, and not fatal to the proceedings. (*Bloom* v. *Burdick*, 1 Hill, 134; *Lawrence* v. *Parsons*, 27 How., 29 ; *Skellinger* v. *Yendes*, 12 Wend., 306; *Van Deusen* v. *Hayward*, 17 id., 67.) So, too, of the neglect to issue citations. (*James* v. *Adams*, 22 How., 409.)

Mr. Johnson is the legal administrator and his sureties are estopped from denying that fact. It is recited in the bond signed by them. " The execution of the bond precludes both principals and sureties from gainsaying the surrogate's jurisdiction in any proceedings for the assets which the appointment and bond have enabled the principal to receive." (*People* v. *Falconer*, 2 Sandf., 83 ; *Field* v. *Van Cott*, 15 Abb. [N. S.], 349.)

The decree of the surrogate upon the accounting is equally conclusive against Johnson and his sureties in this collateral action. (*Casoni* v. *Jerome*, 58 N. Y., 315; *Kelly* v. *West*, 80 N. Y., 139 ; *Dayton* v. *Johnson*, 69 id., 426.)

We conclude the surrogate of Broome county had jurisdiction to issue letters of administration ; that letters were duly issued ; that the bond is good and valid, and that the surety is bound in the action by the accounting had in the Surrogate's Court as to the amount of Johnson's indebtedness to plaintiff. The apparent defects and omissions are not such as affect the surrogate's jurisdiction or render void his proceedings. The surety should, therefore, be held to the responsibility which he assumed voluntarily when he signed the bond.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.