AMERICAN INVESTMENT COMPANY, APPELLANT, V. WILLIAM H. NYE ET AL., APPELLEES.

FILED JUNE 5, 1894. No. 5564.

1. **Mortgages:** JUDICIAL SALES: APPOINTMENT OF MASTER COMMISSIONER: DISCRETION OF COURT. The district court has the power to appoint some proper disinterested person, other than the sheriff of the county, as master commissioner to make the sale of real estate under a decree of foreclosure. Such appointment rests in the sound discretion of the trial court, and its ruling will not be reviewed where no abuse is shown.

2. **Review:** FINAL ORDER. The ruling of the district court denying plaintiff's application for the appointment of a special master commissioner to make the sale of the mortgaged premises is not reviewable in this court prior to the rendition of a final decree of foreclosure.

APPEAL from the district court of Brown county. Heard below before KINKAID, J.

*Logan & Bisbee* and *L. K. Alder*, for appellant.

*P. D. McAndrew, contra.*

NORVAL, C. J.

Appellant brought an action in the court below against William H. Nye and wife for the foreclosure of a real

estate mortgage.    Subsequently plaintiff, by leave of court, filed an amendment to its petition, praying the appointment of one P. J. Murphy, or some suitable person other than the sheriff, as special master commissioner to make the sale of the real estate.    W. H. Magill, the sheriff of the county, was permitted, over the plaintiff's objection, to intervene and file an answer to the amended pleading.    The question of who should be appointed to make the sale was heard upon affidavits, and the court overruled the application for the appointment of a special master commissioner.    From this decision plaintiff appeals.

In *State v. Holliday*, 35 Neb., 327, after quoting sections 451, 452, 453, and 852 of the Code of Civil Procedure, this court said: "It will thus be seen that, while a sheriff may sell real estate under a mortgage foreclosure, and as he has given bond for his official acts and is presumed to be familiar with his duties, he is usually appointed for that purpose or permitted to conduct the sale.    The court, however, may appoint another to perform that duty.    The court is presumed to act impartially and for the best interests of both the creditor and debtor.    *    *    *    The officer making the sale, whether he be sheriff, or a master commissioner appointed by the court, is so far under its orders as to be answerable to it for any abuse of his powers or violations of his duty, and, no doubt, the court, upon the proper application, and being convinced that there was danger of an abuse of power on his part, may remove him and appoint another in his place.    Neither the court itself, nor any of its officers, has any right to show partiality or unfairness in the performance of his functions, and it is the duty of the court to see that its officers do not give cause for suspicion of wrong."

The statute, as we read it, does not confer upon a plaintiff the right to dictate the person who shall make the sale of the mortgaged premises.    Whether the sheriff, or some disinterested person in his stead, shall be appointed to con-

50

duct or make the sale of real estate under a decree of fore-
closure rests in the sound legal discretion of the trial
court, and unless there has been an abuse of discretion in
that regard, and prejudice has resulted therefrom, this court
will not disturb the decision.

In the case before us we are precluded from reviewing
the ruling complained of, because the record fails to disclose
that a decree of foreclosure has yet been entered in the dis-
trict court. The overruling plaintiff's application is not a
final order. So far as this record shows, the action is still
pending and undisposed of on the merits in the district
court, and therefore the order in question is subject to re-
view there up to the time of the rendition of the decree of
foreclosure, if one should be granted. Should a decree be
denied, there will be no necessity for a sale. The appeal is
dismissed.

APPEAL DISMISSED.