Thomas C. Laird v. Charles J. Leap.

Filed November 21, 1894.   No. 5873.

Jurisdiction of County Court of Contest of Election of
    School District Officer. The jurisdiction conferred upon
    county courts in section 71, chapter 26, Compiled Statutes of
    1893, to hear and determine contests of election of certain offi-
    cers therein stated, does not include an action to contest the
    election of a school district officer.

ERROR from the district court of Nuckolls county. Tried
below before Bush, J.

S. W. Christy, for plaintiff in error, cited : Foxworthy v.
Lincoln & F. R. Co., 13 Neb., 398; Wells, Jurisdiction,
secs. 40, 43, 44, 66; 1 Black, Judgments, secs. 216–218.

S. A. Searle, also for plaintiff in error.

R. D. Sutherland, contra.

Harrison, J.

The defendant in error instituted an action in the county
court of Nuckolls county to contest the election of plaintiff
in error to the office of director of school district No. 7 of
said county. It appears from the record that an answer
was filed by the plaintiff in error, in which he alleged as
one of the defenses the following :

"2. That the facts stated in said complaint do not state
a cause of action or cause of contest over which this court
has jurisdiction to hear, try, and determine the rights of
the parties to the said office in controversy."

It is stated in one of the briefs filed that there was a
trial in the county court, but there is no bill of exceptions
in the record and the evidence does not seem to have been
preserved. There was a judgment rendered in the county

court ousting the plaintiff in error and declaring the defendant in error entitled to the office, and ordering all books, etc., belonging to the office to be turned over to him. The plaintiff in error removed the case to the district court for review, where the judgment of the county court was affirmed, and he has further prosecuted the error proceedings to this court.

The only question argued by the counsel for the parties in the briefs filed is the right of the county court to entertain and try a contest of an election of school director, or its lack or want of jurisdiction over such a proceeding. Section 70, chapter 26, Compiled Statutes, 1893, confers jurisdiction upon district courts to hear and determine certain contests of election as follows : " The district courts of the respective counties shall hear and determine contests of the election of county judge and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county, and the proceedings therein shall be conducted as near as may be hereinafter provided for contesting the election of county officers." Section 71, immediately following, states : "The county courts shall hear and determine contests of all other county, township, and precinct officers, and officers of cities and incorporated villages within the county." It will be noted that in section 70 district courts are given the jurisdiction to hear cases in which the election of a county judge is contested, and in section 71 the county court, contests of all other county, " township, and precinct officers," etc. If the county court had any jurisdiction of this case, it must have been acquired under section 71 above quoted, as it is not conferred in any other portion of our statutes, and in order that the county court have jurisdiction in such a case it must be given by statute. Says COBB, J., in Foxworthy v. Lincoln & F. R. Co., 13 Neb., 399: "County courts are courts of limited jurisdiction. Says the constitution, 'County courts shall be courts of record, and

shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and the settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction as may be given by general law.' The jurisdiction claimed for such courts in this case, then, not being a matter of probate, nor relating to the settlement of estates of deceased persons, appointment of guardians or the settlement of their accounts, nor a matter relating to apprentices, to be sustained, must be found expressed in a general statute." We do not think a school director can be said to be within the meaning of section 71, "other county" officers evidently referring to the sheriff and clerk, etc., who are county officers proper as distinguished from state or officers of the divisions of the county or municipal officers. In the case of *Frans v. Young*, 30 Neb., 363, which was a case tried on an information in the nature of a *quo warranto* to determine the right of the respondent to the office of moderator of a school district, it was argued that one of the parties to the cause was not properly qualified as such officer because he had never taken the oath of office. NORVAL, J., in deciding this point, says: "It is conceded by the respondent that the school law contains no provision requiring a person elected to the office of moderator of a school district to take an oath of office. But it is claimed that section 1 of chapter 10 of the Compiled Statutes requires school district officers to take the usual oath of office. That section provides that 'all state, district, county, precinct, township, municipal, and especially appointed officers, except those mentioned in section 1, article 14, of the constitution, shall, before entering upon their respective duties, take and subscribe the following oath, which will be indorsed upon their respective bonds,' etc. The word 'district,' as used in this section, refers solely to judicial district officers, and unless school district officers are municipal officers, it is apparent that they are not controlled by the

provisions of said section." We think it clear that school district officers are not county officers; neither are they precinct or township officers. Each of these designations has reference to a particular set of officers, of a well defined division of the county, and no other officers are mentioned in section 71 except those of cities and incorporated villages or municipal officers. We are well satisfied that our statutes do not give the county courts jurisdiction in cases of contests of election of school district officers, hence the county court was without jurisdiction in the case at bar and should have dismissed it. It follows that the district court erred in affirming the decision of the county court, and its judgment is therefore reversed and the case remanded to the district court for further proceedings in accordance with the views herein expressed.

REVERSED AND REMANDED.