OMAHA LOAN & TRUST COMPANY, APPELLEE, V. GEORGE
E. BERTRAND, APPELLANT.

FILED MAY 5, 1897.   No. 7262.

1. Judicial Sales: MASTER-COMMISSIONERS. A district court has power
to appoint a person other than the sheriff of the county special
master to make a sale of real estate ordered to be sold in pursu-
ance of its decree.

2. Special Master Commissioner. A special master so appointed is not
an officer within the meaning of section 1, chapter 10, Compiled
Statutes, 1895.

3. ———: BOND. No statute of this state requires a person appointed such special master to take and file an oath or to give a bond; but the district court is invested with authority, and it should require this of a person appointed special master before entering upon the performance of his duties.

4. Judicial Sales: OBJECTION TO APPRAISEMENT. Objection that property sold under a decree in equity was appraised too low comes too late when made for the first time after the sale.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Affirmed.*

*Guy R. C. Read,* for appellant.

*Francis A. Brogan, contra.*

RAGAN, C.

This is an appeal from an order made by the district court of Douglas county confirming a judicial sale of real estate made by a special master commissioner appointed by the court for that purpose. The appellant urges here the following arguments:

1. That the district court was without authority to authorize the sale to be made by any person other than the sheriff of the county. A district court has power to appoint a proper and disinterested person other than the sheriff of the county as commissioner to make sale of real estate ordered to be sold in pursuance of a decree of the court. (Code of Civil Procedure, sec. 852; *American Investment Co. v. Nye,* 40 Neb., 720.)

2. A second argument is that the special master so appointed by the court did not take and file an oath nor execute a bond. Under this head it is insisted that a special master appointed by a court of equity to make a sale is an officer within the meaning of section 1, chapter 10, Compiled Statutes, 1895. We do not think he is. The district court has authority independent of the statute, and it should require of a person appointed special master to take and file an oath and to give a bond to faithfully perform his duties, before entering upon the

performance thereof. But we know of no statute that requires a special master either to take an oath or to give a bond. Again, there is nothing in the record before us which shows or tends to show that the special master did not give a bond and did not take an oath; and if such bond and oath were essential to confer jurisdiction upon him to make this sale then, in the condition in which this record is, we will presume that such bond was filed and such oath taken. (*Atchison & N. R. Co. v. Washburn*, 5 Neb., 117; *Dayton v. Johnson*, 69 N. Y., 419.)

3. The third and fourth arguments are that the appraisers were not sworn, and that the appraisers did not view or inspect the real estate at or before the time of appraising it. The report of the special master in the record recites that the appraisers were duly sworn to appraise the real estate ordered to be sold and that it was appraised upon actual view thereof. There is no showing in the record to controvert this report of the special master, and his report must, therefore, be conclusively presumed correct.

4. Finally, it is insisted that the appraisement made of the property was too low. No objection was made and filed in the case to this appraisement before the sale of the property, and the objection that the property was appraised too low comes too late when made for the first time after the sale. The judgment of the district court is

AFFIRMED.