Northwestern Mutual Life Insurance Company, Appellee, v. John Mulvihill et al., Appellants.

Filed February 2, 1898.   No. 7785.

1. **Foreclosure of Mortgage: Master Commissioner.** Power is conferred on the district court in section 852 of the Code of Civil Procedure to authorize in a decree of foreclosure of a mortgage against real estate some person to execute the decree to the extent it orders a sale of the real property, and such person is referred to in sections 451, 452, and 453 of the Code as a "master commissioner."

2. ———: ———: **Powers.** Sections 451, 452, and 453 of the Code, section 852, and the sections in relation to sales of real estate under levy of an execution are to be read and construed connectedly, and when this is done power is conferred thereby on the person designated by the court in a decree of foreclosure of a real estate mortgage to make the sale, to conduct the same in the manner prescribed in the Code for making sales under levy of execution, including that of administering the oath to the parties called to make the appraisement of the property.

3. ———: ———: **Oath.** There is no requirement of statute that the person designated by the court in its decree of foreclosure of a mortgage on real estate to make the sale be sworn or take, subscribe, and file an oath.

4. ———: ———: ———. Where such person is acting or has acted and the appraisement or the sale is attacked by motion to set aside, if that an oath had been taken, or taken and subscribed, was an essential requirement, on hearing, it must be presumed in the absence of a showing to the contrary that there had been a compliance with the requirement.

5. ———: ———: ———. Semble. A district court should in the decree by which it authorizes the person to make a sale of real estate under mortgage foreclosure also require that such person take, or take and subscribe, an oath and also give a bond for the true performance of the assigned duty. (*Omaha Loan & Trust Co. v. Bertrand*, 51 Neb. 508.)

6. ———: **Appraisement.** The evidence introduced on the point of objection to a sale of real estate under decree of foreclosure of a mortgage, that the value fixed in the appraisement was too low, *held* sufficient to sustain a finding of the district court of a tenor contrary to that of the objection.

Appeal from the district court of Douglas county. Heard below before Keysor, J. *Affirmed.*

*Gregory, Day & Day,* for appellants.

*Wharton & Baird, G. W. Shields, J. W. West, Frank Heller, Silas Cobb, Montgomery & Hall, Guy R. C. Read, John W. Lytle,* and *Frank T. Ransom, contra.*

HARRISON, C. J.

In this, an action commenced in the district court of Douglas county to foreclose a mortgage on real estate, a decree of foreclosure was entered in which was included the appointment of a special master commissioner to execute the portion of the decree in reference to a sale of the property. A stay was effected by request filed; at its expiration order of sale issued and the master commissioner proceeded with the preliminaries attendant as prescribed by law on all sales of the character of this one. As one of the steps an appraisement was made which, on motion of the appellants herein, was set aside. A second appraisement was then made, to which objections were filed, presented, and, on hearing, overruled, and the sale was proceeded with to a completion. A return of the sale was made, and on motion for confirmation and hearing on objections to the sale the sale was confirmed; from which order this appeal was taken.

The points urged in argument are, first, that the master commissioner never qualified, did not take or subscribe an oath in the proceedings; second, that the appraisers were never sworn to make appraisement as required by law, in that the oath was administered to them by the acting special master commissioner, who had never qualified by taking the oath of office and was not authorized in any manner to administer an oath to the appraisers; third, that all proceedings had herein and acts committed or done by the acting special master commissioner were without force or effect and not binding in law upon the appellants; fourth, that the valuation given the property in the appraisement was so much

lower than its true value that the appraisement and sale should have been set aside.

It may be said that the third point, as stated in the brief of appellants, but embodies the conclusion or the result of the establishment of the point designated "First," and will need no separate discussion. A question which arises under the first point urged is, was the person appointed by the court in its decree to make the sale required to take and subscribe an oath? It is claimed in argument that he was "an especially appointed officer" within the meaning of section 1, chapter 10, Compiled Statutes 1897, in which it is stated: "All state, district, county, precinct, township, municipal, and especially appointed officers, except those mentioned in section 1, article 14, of the constitution, shall before entering upon their respective duties, take and subscribe the following oath, which shall be indorsed upon their respective bonds. * * * If any such officer is not required to give bond, the oath shall be filed in the office of the secretary of state, or of the clerk of the county, city, village, or other municipal subdivision of which he shall be an officer." It seems from a reading of the provisions of this section, including that which prescribes where the oath shall be filed, that it refers to state, district, county, precinct, township, or municipal officers either elected or appointed and not to a person who has by the decree of a court been appointed to make a sale provided for in the decree and for no other purpose. Such a person cannot be called an officer in a proper sense or use of the term. The person designated by the decree to execute it to the extent it directed a sale was not an elected or appointed officer of the state or any subdivision enumerated in the section and was not by reason of its existence required to take, subscribe, and file an oath therein set forth. The authority of the court to appoint a party to make a sale in an action of foreclosure of a real estate mortgage is conferred by section 852 of the Code of Civil Procedure, which is as fol-

lows: "All sales of mortgaged premises under a decree in chancery shall be made by a sheriff, or some other person authorized by the court in the county where the premises or some part of them are situated, and in all cases where the sheriff shall make such sale he shall act in his official capacity and he shall be liable on his official bond for all his acts therein, and shall receive the same compensation as is provided for by law for like services upon sales under speculation [execution]." There is no requirement in the section just quoted that the one designated by the court to make the sale shall be sworn, nor is there any provision of our statutory law in which such requirement appears; and we conclude he may act without being sworn. (To the same effect see *Omaha Loan & Trust Co. v. Bertrand*, 51 Neb. 508.) Whether the court might not, in its decree by which authority is given the party to act, also demand of him to take, subscribe, and file an oath and further to give bond conditioned for the faithful performance of the duties assigned him, it would seem in all good reason should be answered affirmatively. It has been held by this court that an officer, a moderator of a school district, may hold the office and perform the duties thereof without being sworn, the office being one established by law and there being no provision of statute that an oath be taken by such officer. (See *Franz v. Young*, 30 Neb. 360. See also *Laird v. Leap*, 42 Neb. 834; 16 Am. & Eng. Ency. Law 1021, note 3; *Commonwealth v. Cushing*, 99 Mass. 592; *Commonwealth v. Dugan*, 53 Mass. 233; *McAlister v. Commonwealth*, 6 Bush [Ky.] 581.) There is another reason why this point in the argument must be determined adversely to the contention of counsel for appellants on the subject of whether the party who made the sale had been sworn. There was no showing, other than a certificate of the clerk of the district court, that "no oath of special master commissioner has been filed in above entitled case." This is attached to the bill of exceptions, but was not made a part of it, and it but established that no oath of the party referred

to had been filed in the case, and not that he had not taken the oath; and if the law had required it, in the absence of a showing to the contrary, the presumption would prevail that the party designated in the decree to make the sale and acting, or who had acted, had been duly qualified. (16 Am. & Eng. Ency. Law 1021, note 3; *Nelson v. People*, 23 N. Y. 293; *Dayton v. Johnson*, 69 N. Y. 419.)

The second point argued, and to which we have hereinbefore specifically alluded, is to the effect that the appraisement was void for that the appraisers had not been sworn. The basis of this is that the party assigned in the decree to make the sale was not authorized to administer an oath, and if he would have been so empowered had he prior to the appraisement taken an oath, he had not done so and the attempt by him to administer the oath to the appraisers was without force or effect. It is said in the brief: "He can only act within the spirit and letter of the statute; unless he is authorized to administer an oath, the attempt to qualify freeholders by him, without an oath, renders such an appraisement absolutely void, and we have this anomaly of the present proceedings: an officer of the statute performing a high judicial office, without the solemnity of an oath, and undertaking to perform the function of a judicial officer in administering an oath, when he has not been qualified by taking the oath upon his own part." In section 852 of the Code of Civil Procedure, which we have hereinbefore quoted, the power is conferred on the court to designate the party who shall make the sale. Sections 451, 452, and 453 provide as follows:

"Sec. 451. Real property may be conveyed by master commissioners as hereinafter provided: First—When, by an order or judgment in an action or proceeding, a party is ordered to convey such property to another, and he shall neglect or refuse to comply with such order or judgment. Second—When specific real property is required to be sold under an order or judgment of the court.

"Sec. 452. A sheriff may act as a master commissioner under the second subdivision of the preceding section. Sales made under the same shall conform in all respects to the laws regulating sales of land upon execution.

"Sec. 453. The deed of a master commissioner shall contain the like recital, and shall be executed, acknowledged, and recorded as the deed of a sheriff, of real property sold under execution."

In the opinion in the case of *State v. Holliday*, 35 Neb. 327, these three sections of the Code and section 852 were quoted, and it was in effect held that each and all of the sections refer to the same person who is denominated in sections 451-453 as a master commissioner, but is not so named in 852 or given any appellation other than a general one of person. In *McKeighan v. Hopkins*, 14 Neb. 361, sections 451 and 452 were quoted and construed in connection with sections 491*a*-491*d* and 495 of the Code relative to appraisements and sale of real estate under writ process or order of court, and it was said: "These provisions apply to all sales of real estate under the process of the court, whether upon execution or order of sale." It seems clear from a perusal of all the sections of the Code that they should be read and construed connectedly, as we have seen has been done; and if so, it is further evident that the person authorized by the court to make the sale is to proceed therein as stated in the manners indicated in the sections of the Code to a number of which in relation to the particular subject we have herein more or less directly referred. In one of them, 491*a*, it is stated: "Whenever, hereafter, execution shall be levied on any lands and tenements, the officer levying the same shall call an inquest of two disinterested freeholders, who shall be residents of the county where the lands taken on execution are situated, and administer to them an oath impartially to appraise the interest of the person, or persons, or corporation against whom the execution is levied, in the property so levied upon." This confers the power to administer the oath to the ap-

praisers, and, by force of the sections connectedly, on the person who makes the sale by authorization of the court; nor is this an unheard-of anomaly (if such it may truly be called), or one which stands alone in our statutory law. Of the legislative enactments, in regard to elections, in sections 15 and 16, chapter 26, Compiled Statutes, it is provided:

"Sec. 15. Previous to any vote being taken, the judges and clerks of election shall severally take an oath or affirmation according to the form prescribed in chapter on official bonds.

"Sec. 16. In case there shall be no judge or justice of the peace present at the opening of the polls, it shall be lawful for the judges of election to administer the oath or affirmation to each other and the clerks of election; and the person administering such oath or affirmation shall cause an entry thereof to be made and subscribed by him, and prefix to each poll book."

Here oaths are required to be administered by persons who have not been sworn. We must conclude that the party who was designated in the decree to make the sale could administer the oath to the parties called as appraisers.

In relation to the further objection that the value of the property sold, fixed by the appraisers, was too low, and so much so that it furnishes a sufficient reason for setting the sale aside, it must be said that this was a question submitted to the trial court on evidence adduced on behalf of the parties appellants and appellee; and after examination of the evidence, in which there was, as is usual in such cases, quite a considerable difference of opinion, we cannot say that the finding of the district court thereon was manifestly wrong. There was ample evidence to support the finding, hence it will not be disturbed. The order of the district court is

AFFIRMED.