HENRIETTA M. WRIGHT, APPELLEE, v. NATHAN STEVENS, APPELLANT.

FILED SEPTEMBER 23, 1898.   No. 8269.

1. **Officer Conducting Judicial Sale:** OATH.  A person designated in a decree of foreclosure of a mortgage of real estate to conduct the sale is not required to take and file an oath.

2. ———: ———: PRESUMPTION ON REVIEW.  If such action had been necessary or required, in the absence of proof in the record to the contrary the presumption would prevail that there had been a compliance with such requirement.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J.  *Affirmed.*

*John O. Yeiser,* for appellant.

*Kennedy & Learned,* contra.

HARRISON, C. J.

In this action in the district court of Douglas county to procure the foreclosure of a mortgage on real estate, there was a decree of foreclosure, by the terms of which a designated party was authorized to conduct the sale of the property, if one should be made.  For the due enforcement of the decree a sale of the premises involved in the litigation became necessary, and was effected by the person indicated in the decree, and on report presented, and motion, was by the court confirmed.

In this, an appeal from the order of confirmation, there is but one ground of complaint in the argument in the attack on the said order, and for which it is asked to be

annulled, viz., that the party appointed to make the sale did not take or file an oath in the proceedings prior to the performance of the duties which devolved on him. It was not required or necessary that the person empowered by the decree to make the sale should take or file an oath. (*Omaha Loan & Trust Co. v. Bertrand,* 51 Neb. 508, 70 N. W. Rep. 1120; *Northwestern Mutual Life Ins. Co. v. Mulvihill,* 53 Neb. 538, 74 N. W. Rep. 78.) Moreover, had it been essential that such party should take or make and file an oath, the record presented here does not disclose that it was not done; and, in the absence of proof to the contrary, it must be presumed that all things required were performed. (*Omaha Loan & Trust Co. v. Bertrand, supra; Northwestern Mutual Life Ins. Co. v. Mulvihill, supra.*) It follows that the objection is unavailing and the order of confirmation must be

AFFIRMED.