JOHNSON, *Appellant*, v. ATCHISON *et al.*

**Trust Deed to Secure Purchase Price**: SALE BY TRUSTEE: REDEMPTION. Where land has been sold by the trustee in a deed of trust, to secure its purchase price, and has been bought by the *cestui que trust*, his assignee or any other person for him, the grantor in the deed cannot redeem under section 3298, Revised Statutes, without giving the security required by section 3299.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*G. H. English* and *I. Tavenner* for appellant.

(1) The statute provides two modes by which deeds of trust, in the nature of mortgages, may be foreclosed: (*a*) In the same manner, in all respects, as in case of mortgages; (*b*) by the trustee according to the terms of the deed of trust; but if the property is bought in at trustee's sale by the *cestui que trust*, his assignee or any other person for them, or either of them, it shall be subject to redemption by the grantor within one year from date of sale, upon payment of the debt and interest, and all legal costs and charges incurred in making sale, up to time of redemption. R. S., sec. 3298. Mortgages containing power of sale and deeds of trust to secure a debt are substantially the same thing in law and equity. 2 Perry on Trusts [2 Ed.] sec. 602; *Goode v. Comfort*, 39 Mo. 318. If the power is not executed as it is given, it is not executed at all, and the mortgageor still has the equity of redemption. A strict compliance with a condition precedent is necessary to convey title or bar equity of redemption. *Smith v. Privine*, 4 Allen, 514; *Roarty v. Mitchell*, 7 Gray, 243. (2) Revised Statutes, section 3299, are not applicable to a case like this. (3) If the plaintiff was entitled to redeem as against the *cestui que trust*, he has a right to redeem against those holding title who purchased with notice of the trust, even if the purchase was made for a valuable consideration, and without knowledge of any irregularity or illegal proceedings by the trustee. If the purchaser makes any mistake in the construction of the power, or if he does not fully inform himself, and acts in ignorance, he will take no title if the power is not properly executed.

2 Perry on Trusts [2 Ed.] sec. 602; 2 Sugd. on Vendors [2 Ed.] p. 1059, sec. 76. The maxim of *caveat emptor* applies. A purchaser with notice of a deed is bound by all of its contents. *Lee Neve v. Lee Neve*, 2 Leading Cases in Equity, 142, 143; Hill on Trustees [3 Ed.] p. 761, sec. 2; Tiffany & Bullard on Trustees, p. 204, sec. 822; *Scott v. McCulloch*, 13 Mo. 16; *Brush v. Ware*, 15 Pet. 111; *Bales v. Perry*, 51 Mo. 449. (4) The circumstances surrounding the trustee's sale were such as to put a prudent person upon inquiry, and the failure upon the part of the defendant, Hopkins, to make the inquiry that would have led to the rights of the plaintiff, was negligence sufficient to bar all claims of being an innocent purchaser without notice. (5) The trustee's sale was not in accordance with the statute, and the deed made by the trustee to the purchaser is void, and no title passed.

*Langston Bacon* and *W. A. Harnsberger* for respondents.

(1) Neither plaintiff nor his grantor make any claim or pretense that they have complied with the provisions of Revised Statutes, section 3299, which are clear and explicit as to their duty in the premises. (2) If a bond is not given as required by section 3299, or if a third party purchases, the trustee makes a deed direct to the purchaser, whoever he may be. The statute leaves the status of the party purchasing a matter for the trustee to determine; and should the trustee come to an erroneous conclusion, even from neglect of duty in making proper inquiry, it would only be a breach of trust. And a conveyance of a trustee in breach of his trust carries the title. *Gale v. Mensing*, 20 Mo. 461. And such title would be valid in the hands of an innocent purchaser for value, as defendant, Reuben Hopkins, in this case. 2 Perry on Trusts [3 Ed.] sec. 602, p. 175; *Hamil-*

*ton v. Lubukee*, 51 Ill. 415. (3) The defendant, Reuben Hopkins, was a *bona fide* purchaser for value, without notice of the equities claimed, and should be protected. *Digby v. Jones*, 67 Mo. 104; *Flanagan v. Oberthier*, 50 Texas, 379; *Carter v. Allen*, 21 Grattan, 241; *Vest v. Michil*, 31 Grattan, 149; *Reed v. Dickey*, 2 Watts (Pa.) 459; *Robbins v. Bates*, 4 Cushing (Mass.) 104; *Mundine v. Petts' Adm'r*, 14 Ala. 84. (4) If the trustee, through want of proper care in ascertaining the status of the purchaser, made a deed when he should have given a certificate, thereby prejudicing the rights of the grantor in the deed of trust, it is a breach of trust, and the trustee is liable to said grantor or his assignee, the plaintiff. *Sherwood v. Saxton*, 63 Mo. 78. The evidence in this case shows the claim of the plaintiff to be merely speculative, and courts are slow to favor such, especially at the expense of innocent parties. The circuit court found that defendant, Hopkins, was an innocent purchaser for value, and the finding of the trial court will not be disturbed unless clearly erroneous. *Davis v. Fox*, 59 Mo. 125; *Cornet v. Bertelsmann*, 61 Mo. 118.

HENRY, C. J.—On the second day of June, 1882, Frances Atchison owned, and her husband joining her in a deed, conveyed lot seventy-five, block four, Whipple's addition to Kansas City, to Walter Mitchell, who on the next day conveyed it by deed of trust to A. Whipple to secure the payment of his several promissory notes, forty-two in number, given for the purchase price of said lot, payable to William Atchison, the husband of Frances, one falling due every three months after their date, the second day of June, 1882. By the terms of the deed if any note was not paid at its maturity upon demand of said Atchison, or his assigns, the trustee was authorized to advertise and sell said property, and in case of sale all of said notes were to become due and payable.

On the twenty-ninth of December, 1882, one of said notes having become due and being unpaid, the trustee sold said lot, in pursuance of the terms and conditions of the deed of trust, and the property was bid in by said William Atchison at the price of two hundred dollars, and, on the thirty-first of January, 1883, said amount was credited on the notes held by Atchison against Mitchell, and at the same date the trustee executed and delivered a deed conveying the property to Frances Atchison, the original owner, which was recorded on the twenty-ninth of March, 1883. And on the day that the last mentioned deed was recorded, Frances and her husband, for the consideration of eight hundred and fifty dollars, conveyed the said lot by warranty deed to Reuben Hopkins, who executed seven promissory notes for part of the purchase money for fifty dollars each, payable respectively in four, eight, twelve, sixteen, twenty, twenty-four and twenty-eight months after date, to Frances Atchison, and to secure the payment of the same, executed a deed of trust conveying said lot to Langston Bacon as trustee. In June, 1883, Walter Mitchell, the first purchaser of the lot from the Atchisons, conveyed by quit-claim deed all his right, title and interest in the lot to the plaintiff, who, in September, 1883, instituted this suit in the circuit court of Jackson county, asking that he might be permitted to redeem said lot on payment of the balance of the indebtedness of said Mitchell on the notes given by Mitchell for the purchase price of the lot. On a hearing of the cause the court dismissed plaintiff's bill, and rendered a judgment in favor of defendants, from which he has appealed.

Our statute (sec. 3298, R. S.), gives the grantor in a deed of trust the right ·to redeem within one year, if the property is bought by the *cestui que trust,* or his assignee, or by any other person for him. But section 3299 provides that: "No party shall have the benefit of the preceding section until he shall

have given security to the satisfaction of the circuit court, for the payment of the interest to accrue after the sale, and for all damage and waste that may be occasioned or permitted by the party whose property is sold. In case the circuit court is not in session, such security may be taken by the clerk of said court." Conceding that the *cestui que trust* was the purchaser at the sale made by Whipple, and that Mitchell had a right to redeem within twelve months, and that, by his deed, the plaintiff acquired Mitchell's right to redeem, had he the right to do so, without complying with section 3299, in its requirement as to security to be given by him? Clearly not. It is a purely statutory right. No such right of redemption existed before the enactment of these two sections. They gave the right, and redemption can only be had by a compliance with the terms imposed by the statute upon the party seeking it.

So far as this proceeding is concerned, it matters not that the execution of the deed by Whipple was premature. If no deed had been executed, the plaintiff could have redeemed only by complying with the statute, and the execution of the deed prematurely did not deprive Mitchell, or his assignee, of the right secured to him by the statute. It will be time enough, however, to pass upon the status of a *bona fide* purchaser from the *cestui que trust* when the latter has purchased the property and taken a deed before the expiration of one year from the sale, when a case is presented in which the grantor in the deed of trust has placed himself in a position to ask to redeem by complying with the statute. The notes all became due when the sale was made in default of payment of one. This was the stipulation in the deed, but whether for all pur poses they are all to be deemed then due or not, the power to sell and convey was expressly given in the event that either of the notes was not paid at its ma-

turity, and it is not necessary, to sustain the judgment, that all of the notes should have been due for all purposes.

The judgment is affirmed.   All concur.