ELIZABETH L. DONALDSON et al. v. WILLIAM RUSSELL ALLEN et al.; THOMAS ALLEN, Appellant.

Division One, July 3, 1908.

1. **PARTITION: Attorney's Fee: Amount: Presumption.** Where the whole record of the partition proceeding was before the judge entering the final decree, the presumption is that he knew the value of the services rendered by plaintiff's attorneys, and that he did not err in gauging the size of the fee allowed.

2. ——: ——: ——: **$5,000.** Where the sales made aggregated well on to $100,000, and the character of the services rendered strictly incident to the partition involved trained legal learning and judgment, a fee for $5,000 for plaintiff's attorneys is little enough.

3. ——: **Equitable: Attorney's Fees as Costs.** In an equitable partition, as contradistinguished from a strict statutory partition (so-called), plaintiff is entitled to an allowance for attorney's fees to be taxed as costs. Equitable features are everyday incidents of partition suits, and probably the greater number of such suits are equitable in their nature, and if justice and reason underlie the allowance of attorney's fees in one class of partition suits it is impossible to see why they do not apply in the other class—unless plainly without the meaning of the statute. But those fees should be restricted to the partition proper, and not extended to payment for services on incidental issues heard and determined.

4. ——: ——: ——: **Acquiescence.** Long and uniform acquiescence of the bench and bar in the opinion that attorney's fees are allowable in an equitable partition is persuasive evidence of what the law is on the subject. And the fact that plaintiff in such cases has long been allowed as costs the fees of his attorney and no case has ever come to this court in which the correctness of that practice was called in question, although in many cases it has been assumed that such allowance was proper, is persuasive evidence that the statute was properly construed.

5. ——: ——: ——. **Equity** follows the law, and in equitable partition the court should proceed according to the statute; and wherever fees are allowable under the statute they should be allowed in the equitable partition.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Henry W. Allen* for appellant.

(1) Costs are the creatures of statutes, at common law no costs being allowed. Such statutes are in derogation of the common law, and must be strictly construed. Baldwin v. Boulware, 82 Mo. App. 321; Jackson County v. Stone, 168 Mo. 577; Jackson v.

Fulton, 87 Mo. App. 226; Ring v. Vogel Paint Co., 46 Mo. App. 374.   (2)   Attorneys' fees cannot be allowed as costs under the general provision of the statutes. R. S. 1899, sec. 1547; Railroad v. Railroad, 138 Mo. 591.   (3)   Attorneys' fees cannot be allowed as costs unless there is an express statute to that effect.   Gulick v. Huntley, 144 Mo. 241; City v. Meintz, 107 Mo. 611; Waters v. Waters, 49 Mo. 385.   (4)   The statutory provision in this State, section 4422, Revised Statutes 1899, does not apply, as the present suit was not brought under that statute.   Donaldson v. Allen, 182 Mo. 626; Gulick v. Huntley, 144 Mo. 241.   (5)   And that statute has no application in contested cases.   Liles v. Liles, 116 Mo. App. 413; Hoffman v. Smith, 61 Miss. 544; Case v. Case, 103 Ill. App. 177; Gilbert v. Wiebert, 87 Ill. App. 290; St. Clair v. Marquell, 67 N. E. (Ind.) 693; Westmoreland v. Martin, 24 S. C. 238; Oliver v. Lansing, 77 N. W. (Neb.) 802.   (6) In Missouri there is a recognized distinction between partition suits brought under the statute and partition in equity.   Spitts v. Wells, 18 Mo. 468; Welch v. Anderson, 28 Mo. 293; Barkhoefer v. Barkhoefer, 93 Mo. App. 373; Real Estate Savings Inst. v. Collonious, 63 Mo. 290; Whitsett v. Wamack, 159 Mo. 14; James v. Groff, 157 Mo. 402. (7)   The principle of contribution does not apply to a bill in equity whose ultimate object is partition.   (8) The allowance in the present case cannot be supported on the pleadings or under the evidence.

*Judson & Green, Albert Arnstein, Henry Wollman* and *W. R. Donaldson, Jr.,* for respondents.

(1)   In the exercise of its equitable jurisdiction the circuit court may divest a title and in the same proceeding order partition.   Garesche v. Levering, 146 Mo. 436; Donaldson v. Allen, 182 Mo. 626.   (2)   Where a trustee is in actual possession of the land the circuit court will entertain a suit to declare a trust or estab-

lish a title and also for partition. Budde v. Rebenack, 137 Mo. 179; Rozier v. Griffith, 31 Mo. 170; Dameron v. Jameson, 71 Mo. 97. (3) A court of chancery, in the absence of statutory authority, cannot order a sale of the land in a partition suit. Bispham's Principles of Equity (6 Ed.), sec. 493; Wilkinson v. Stuart, 74 Ala. 198; Donnor v. Quartermas, 90 Ala. 164. (4) In partition suits in this State the circuit court when exercising its equitable jurisdiction will follow the mode of procedure prescribed by the statute for partition. Holloway v. Holloway, 97 Mo. 628; Budde v. Rebenack, 137 Mo. 179. (5) The circuit court may allow the attorney's fee permitted under section 4422, Revised Statutes 1899, in a suit in equity where part of the relief asked for is partition. Padgett v. Smith, 206 Mo. 303. (6) In this State an attorney's fee may be allowed in contested cases in partition, though it may be confined to services rendered in partition and not on the contested issues. Padgett v. Smith, 206 Mo. 303; Liles v. Liles, 116 Mo. App. 413.

LAMM, J.—The suit was equitable partition. The interlocutory decree found the main equitable issues for plaintiffs; ordered a receivership and accounting; determined the moieties of the cotenants; and decreed partition (with other relief not pertinent here). From that decree, cross-appeals were prosecuted (Donaldson v. Allen, 182 Mo. 626), resulting in affirmance. When our mandate went down, the court appointed commissioners to make partition. On their report coming in that the land was not susceptible of division in kind, an order of sale was entered and a special commissioner appointed to make it. Sale was made and the commissioner reported his doings in executing the powers donated by the order. Thereat, plaintiffs applied for an allowance of reasonable attorneys' fees. Proof was put in in that behalf and the court entered

Donaldson v. Allen.

an order allowing $5,000, taxing the same as costs. Thereat, a final decree and order of distribution was entered directing (among other things) the special commissioner to pay the clerk of the court said sum for plaintiffs' attorneys.

On due exceptions saved to the final decree and to overruling a motion for a new trial one of defendants, Thos. Allen, appeals.

I.  A preliminary question is lodged.  Thus, somewhat by way possibly of makeweight, *arguendo*, some contention is made that the fee is excessive, but we deem this phase of the case not to amount to much. This, because:

(a)  In the first place, learned counsel himself makes little of it.  He guardedly selects the ground upon which he pitches his battle by precisely defining his position, singly and laconically, as follows: "Appellant's contention on this appeal is that no fee should have been allowed to attorneys for plaintiff below, for the reason that there is no authority under our statutes, or in equity, for such an allowance."  As we construe it, then, the case by necessary implication hinges on that proposition in counsel's mind, and on no other. This being so, we may safely allow it to proceed on that theory.

(b) . Secondly, the whole record was before the court below and the judge deciding the point presumptively knew the character of the services rendered in duration, zeal and ability.  He presumptively knew the value of them according to custom, place and circumstance.  [Eddie v. Eddie, 138 Mo. l. c. 607; Liles v. Liles, 116 Mo. App. l. c. 425.]  In this view of the matter, there is room for a most violent presumption that the trial court did not err in gauging the *quantum* of the fee.

(c)  Finally, if we look even to the bare outline

of facts as presented to us, we discern that, under the order to the special commissioner, sales were made aggregating well on to $100,000, in proceeds; and we can well see that the character and extent of the estate and titles involved and legal services rendered strictly incident to the partition itself, calling for the trained eye and judgment of counsel (from the start, to-wit, the time data for the suit were gathered and the petition drafted down through all the intermediate steps to the end, to-wit, the final order of distribution) were such that a fee of $5,000 was little enough, if any at all could be allowed.

*Semble,* a very ancient rule forbidding muzzling the ox that treadeth out the corn is applicable to attorneys and their fees (Reynolds v. Clark County, 162 Mo. l. c. 684), and may be profitably used here a little, with discrimination.

II.   The main question is not only interesting, but fruitful, and is somewhat new to appellate courts in Missouri. It may be put in this way: In an equitable partition, as contradistinguished from a strict statutory partition (so-called), is plaintiff entitled to an allowance for attorneys' fees to be taxed as costs and paid, *pari passu?*

Plaintiffs' counsel say, Yes. Defendant's says, No.

The evolution of the latter's argument is as follows: Costs are the creatures of statutes. Such statutes are in derogation of the common law and to be strictly construed. Attorney's fees are not allowed under the general provisions of statutes relating to costs. Hence, plaintiffs must put a finger on an express statute allowing such. In this instance, the partition statute (R. S. 1899, sec. 4422) limits the allowance of a reasonable attorney's fee to those attorneys bringing a suit "under this article"—*i. e.,* article 1,

chapter 53, Revised Statutes 1899, dealing with partition of real estate. Now (he says) the suit was not brought "under this article," but was a bill in equity invoking the jurisdiction of a court of equity as distinguished from that of a court of law in purely statutory partition. Hence, no attorney's fee could be allowed.

Assuming the main premises true, is the point well taken and the argument sound? We think not. Because:

(1) Equitable features are everyday incidents of partition suits—for example: The allowance of payments made by one cotenant on account of the common property, as in the satisfaction of taxes, liens and the like; compelling a cotenant who has absorbed the common rents to account; adding to his *pro rata* share of the property the expense and outlay of one cotenant in bettering the common property by erecting valuable improvements thereon in good faith; in equalizing advancements (see 21 Am. and Eng. Ency. Law [2 Ed.], 1170, *et seq.*); and in divesting title, decreeing a trust or establishing title as a step incident to partition. [Garesche v. Levering Inv. Co., 146 Mo. 436; Donaldson v. Allen, 182 Mo. *supra;* Budde v. Rebenack, 137 Mo. 179; Rozier v. Griffith, 31 Mo. 171; Dameron v. Jameson, 71 Mo. 97; Holloway v. Holloway, 97 Mo. 628; Padgett v. Smith, 206 Mo. l. c. 314.]

That such incidents are usually met with in partition suits is common knowledge of the bench and bar. It is within bounds to say that much the greater number of such suits are equitable in their nature. In this condition of things, it signifies something of value in the interpretation of the law, that the uniform practice, *nisi,* has been to allow plaintiff attorney's fees in cases of equitable partition, and the memory of no member of this bench runneth to the contrary. Such long and uniform acquiescence by the legal profession of this

State in that construction of the law (as shown by the absence of appeals on the point), may not be conclusive, but it has been held to be very good, evidence of what the law is. [Venable v. Railroad, 112 Mo. l. c. 125, and authorities cited.]

Moreover, it is impossible to see why the justice and reason underlying the allowance of attorney's fees in one class of partition suits ought not apply to the other—unless plainly without the mandate of the written law. Why should those parties, who receive a common benefit from the labors of attorneys in effectuating an equitable partition, escape the common burden and throw upon the plaintiff the whole of it? As aptly asked by counsel, *ore tenus*: Does justice end, where equity begins? It is a maxim of the law that what is just and right is the law of laws [*Aequum et bonum, est lex legum*].

(2) Again, it has been held without discussion, as of course, that attorneys' fees are allowable in equitable partition. [Padgett v. Smith, supra.] The matter came here once more in a motion to allow attorneys' fees in the Padgett case for services connected with an appeal to this court. [Padgett v. Smith, 207 Mo. l. c. 235.] We refused to allow the fee, but it was held in a *per curiam* that the circuit court had jurisdiction to hear evidence as to the extent of the services and their reasonable value and to make a proper allowance therefor to be taxed as costs. While GOODE, J., in Liles v. Liles, *supra,* spoke of that case by the by, in the opening of his opinion, as "an action under the statute for the partition of land," yet it was an equitable partition and the reasoning of that learned jurist leading up to the conclusion that fees were allowable on certain issues involved in that case may be borrowed and applied to this.

(3) Moreover, it is a maxim that equity follows the law. [1 Story, Eq. Jur. (13 Ed.), sec. 64.] Speak-

ing to it, Judge Story says: "It may mean that equity adopts and follows the rules of law in all cases to which those rules may in terms be applicable; or it may mean that equity, in dealing with cases of an equitable nature, adopts and follows the analogies furnished by the rules of law."

Accordingly, it has been held that in equitable partition the court will proceed accordingly to the statute. [Spitts v. Wells, 18 Mo. 468; Holloway v. Holloway, 97 Mo. 1. c. 639.] It has been held a mooted question whether in strict equity a sale of real estate could be made in partition, but we all know the universal practice has been to follow the statute and allow such sales in equitable partition. Why, then, by analogy, may not the statutory rule allowing fees be followed with propriety?

The statute on partition contemplates that parties having a present or future, a vested or contingent interest should be made parties (secs. 4375-8); that issues of fact should be determined and the rights, titles and interests be declared (sec. 4386); that adverse claims may be decided (sec. 4389). With such broad provisions in the statute, some of them smacking of matters of equitable cognizance, we are not prepared to hold that an equitable partition (since equity follows the law) is not so far brought "under this article," that, by the very language of section 4422, when illuminated by its spirit and intendment, the court may not allow a reasonable fee to the attorneys bringing the suit. Those fees should be restricted to the partition proper, as was substantially done in the case at bar, and not extended to payment for services on incidental issues heard and determined. [Liles v. Liles, *supra*.]

It is our conclusion the judgment is right and should be affirmed. It is so ordered. All concur, except *Valliant, P. J.,* absent.