Frank Sandrowski & Lenora Sandrowski, His Wife, Respondents, v. Joseph Sandrowski and Margaret Sandrowski, His Wife, Appellants.—93 S. W. (2d) 81.

St. Louis Court of Appeals. Opinion filed April 7, 1936.

*Frank B. Grodzki* and *Thomas I. Krauska* for respondents.

*Alfred L. Grattendick, David E. Horn* and *Elmer L. Moone* for appellants.

HOSTETTER, P. J.—This is a partition suit which was begun in the Circuit Court of the City of St. Louis on the 21st day of November, 1933.

The plaintiffs are husband and wife and together own an undivided one-half interest in the real estate described in their petition, which was a lot described by metes and bounds in Block No. 589 of the city of St. Louis, upon which there is a two story brick flat at 1414 North 13th Street.

The defendants are also husband and wife and together own an undivided one-half interest in said real estate.

The petition is in conventional form, and, after averring that the property cannot be divided in kind, asks for the appointment of a special commissioner to conduct the sale.

The cause was heard by the court on the 28th day of March, 1934, and taken under advisement and, on the 6th day of April, 1934, the court entered its interlocutory decree, finding the interests of the parties as set out above and that the property was not susceptible of partition in kind and appointed William A. Woodward, Special Commissioner, to make the sale of the property and report same to the court, and directed "that when directed by the court he shall make and file with the clerk his bond" in the sum of $3000 conditioned as required by law with such sureties as might be approved by the court or clerk.

Defendants saved their exceptions to this interlocutory decree and, later, on June 2, 1934, filed separate motions asking that the interlocutory decree, the appointment of the special commissioner and the order of sale be vacated and set aside. On the same day defendants filed a joint motion complaining that plaintiffs had not paid their one-half of necessary expenses incident to the upkeep of the property and had collected and retained more than their one-half of the rentals from the property and asked for an accounting.

The special commissioner, without giving any bond at all, as required by Section 1601, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 1601, p. 1754), duly advertised the property for sale and, on May 25, 1934, sold it at public sale to Stanley Cibrowski, he being the highest bidder, for the sum of $2050, and filed his report of sale in court on June 11, 1934.

On June 15, 1934, defendant Margaret Sandrowski, filed exceptions to the report of the commissioner and asked that the same be disapproved and, among other grounds, set up that he had not, at the time of the sale, "properly qualified himself as a special commissioner in that he had failed to furnish and have approved a surety bond in pursuance to the statutes of the State of Missouri 1929."

Thereafter, on June 25, 1934, the court overruled all the motions theretofore filed by defendants and approved the report of sale theretofore filed by the special commissioner and allowed him $50 for his services, and allowed the plaintiffs' attorney $100 for his services and allowed another attorney, who had previously represented defendants, $75, to be paid out of their distributive shares from the proceeds of sale.

On June 29, 1934, defendants filed their joint motion for a new trial, which contained twenty-three grounds, one of which reads as follows:

"18. That the said purported sale made by the Special Commissioner is of no force and effect and is void because said Special Commissioner was not qualified to act in that he failed to furnish bond as requiring by the interlocutory decree."

On October 1, 1934, the court sustained paragraphs 1, 2, and 3, of said motion for a new trial, relating to the order to have the $75 claimed by defendants' attorney paid to him out of their distributive share in the proceeds of sale and set aside this order of allowance, but overruled the motion as to all other specifications.

Thereupon defendants duly perfected their appeal and bring the cause to this court for review.

The only error assigned in this court is that the trial court erred in approving the report of sale of the special commissioner because he was not qualified to act as such, having failed to give the bond as required of him by Section 1601, Revised Statutes of Missouri, 1929, and by the order of court contained in the interlocutory decree and that because of such failure his sale was void.

Section 1601, Revised Statutes of Missouri, 1929, reads as follows:

"Special Commissioner to Execute and File Bond with Clerk. Every special commissioner, appointed under the provisions of this article, before entering upon the discharge of the duties of his office, shall file with the clerk of the court in which the suit for partition is pending, his bond, payable to the State, with such sureties as may be approved by the court, in a sum sufficient to indemnify the parties, conditioned that he will faithfully discharge the duties of his said office, and account for and pay over, according to the order of the court, to the parties entitled thereto, all such sums of money as may come to his possession as such commissioner."

The following section provides that the special commissioner shall perform the same duties and be governed by the same rules applicable to sheriffs, in like cases. We do not find that said Section 1601 has ever been construed by the Missouri courts.

The solution of the question involved in this appeal depends on whether the provision requiring the special commissioner to make and file his bond before entering upon the discharge of his duties is mandatory or directory merely. If mandatory, the sale is void; if directory, it may be upheld. Some light is thrown on this subject by an opinion of our Supreme Court in State ex rel. Ellis v. Brown, 326 Mo. 627, 33 S. W. (2d) 104. This case quotes approvingly the text in 25 R. C. L., sec. 14, pp. 766, 767, as follows:

"A mandatory provision is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding. Directory provisions are not intended by the legislature to be disregarded, but where the consequences of not

obeying them in every particular are not prescribed the courts must judicially determine them. There is no universal rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intention as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished. Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory.''

Other texts than that quoted approvingly in the last mentioned case announce a similar doctrine. In 25 R. C. L., p. 767, sec. 16, it is stated in substance that duties imposed upon public officers intended to ''secure order, system and dispatch in proceedings and by disregard of which the rights of parties cannot be injuriously affected'' are generally regarded as directory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. The giving of a bond in literal and strict compliance to that required by law is not a condition precedent to the right of an officer to make a sale and a particular sale cannot be brought into question collaterally because the bond given does not conform absolutely to the statutory requirements. [16 R. C. L., pp. 37, 38, sec. 26.] ''But a sale by such officer without having given any bond at all is without legal authority and void.'' [16 R. C. L., p. 38, sec. 26.] The requirement of a bond, if by statute, cannot be waived by a plaintiff. [35 C. J., p. 26, sec. 36.] In the absence of a statute requiring an officer to give bond the court has the power to require the giving of a bond in order to qualify him for making a sale of land. [Omaha L. & T. Co. v. Bertrand, 51 Neb. 508, 70 N. W. 1120. See, also Phelps v. Jones, 91 Ky. 244, 15 S. W. 668; Tompquins v. Deyerle, 102 Va. 219, 46 S. E. 300.]

It may be said that a ruling holding a judicial sale of this character void would be unfair to a purchaser. It is true that the doctrine of *caveat emptor* applies to purchasers at judicial sales, but in the more modern application it is somewhat more relaxed. He now may expect and obtain a sound and marketable title and may not be compelled to accept a defective or doubtful one and has a right to expect and assume a fee where a particular interest is not made known or described, but this relaxation does not apply to a deficiency in acres as the purchaser has an opportunity to inform himself as to the exact number of acres by investigation. [16 R. C. L., p. 119, sec. 86.]

It has been held in Missouri that the purchaser at a partition sale

has no right of appeal in the partition suit either from the act of the circuit court in refusing to confirm a sale made by the sheriff or commissioner, as the case may be, or from the court's order setting aside its confirmation of the sale. The right of appeal from such ruling is given only to the parties to the suit. [Thomas v. Elliott, 215 Mo. 598.] The purchaser's right for recoupment for the purchase money, where he gets no title, and for damages, if any, is against the officer with whom he dealt in making the purchase, in this instance, the special commissioner. "An officer who conducts a judicial sale, like other public officers, warrants his authority to act. It follows then that if he assumes an authority to sell and induce persons to purchase at a judicial sale by pretending that he has authority, when in truth he has not, he is guilty of a fraud for which he is legally responsible to the parties injured. . . . Purchasers are, therefore, entitled to recover from him any purchase monies paid by them to him and from the persons for whom he acted and to whom he has paid over the money. . . . The owner of the property may, likewise, hold the officer responsible for his improper conduct in selling without authority, or contrary to law, or, he may pursue and recover his property and leave the purchaser to his remedy over against the officer." [16 R. C. L., p. 41, sec. 28.]

In our judgment, we think it is beyond question that the requirement by statute made on the special commissioner to make and file his bond as provided by Section 1601, Revised Statutes of Missouri, 1929, is absolutely mandatory, and his failure to comply with it renders the purported sale null and void. The very nature of the sale emphasizes this conclusion. Ordinarily, it is, by statute, the duty of the sheriff to make sales in partition. The sheriff, of course, is already a bonded officer; he cannot qualify for his office unless he files the necessary official bond, which protects all parties in interest in partition suits and otherwise. And, it is the general principle that officers into whose hands trust monies come must necessarily give bond in order to protect those who are entitled to the money, and this is peculiarly true in partition cases. Like a sheriff, as soon as a special commissioner sells the property he is entitled to demand and receive from the purchaser the amount of money bid by him. It may be that because of dissensions between owners of part interests in the property a distribution may not be ordered by the court until the various disputes are settled. It may be that the disputes between the part owners may be carried to a higher court and the order of distribution would necessarily be held up until the cause was finally ended, which might be a year or two years, or longer.

It may be argued that it was the duty of the defendants to object at the time of the sale to the special commissioner proceeding with the sale on account of his failure to give and file bond, and his consequent

disqualification. That probably might be the duty of attorneys for the parties in interest, but that is not any adequate protection, as some of the parties might be nonresidents of the State and brought in by order of publication and never know anything about the sale until after it occurred, consequently they would have no chance to object. The fault, in this instance, would rest more on the plaintiffs and their attorney. The plaintiff in the instant case asked for the appointment of a special commissioner in their petition. The plaintiffs' attorney was necessarily charged with a duty to all the parties to the suit in seeing that the special commissioner was duly qualified by the giving of a bond before commencing on the performance of his duty. The attorney for the plaintiff is paid for his services out of the gross proceeds of the sale, so that, part of his compensation comes from the defendants as well as from the plaintiffs; therefore, he owed them a duty to see that the sale was conducted by an officer who had duly qualified himself by the giving of the bond required by statute and also, in this instance, required by the order of the court. Counsel for defendants in a partition suit must look to their clients alone for their compensation. Even if objection had been made by defendants at the time of the sale, to the lack of qualification of the special commissioner to make the sale, that would not have had any effect towards supplying the necessary qualification in order to render the sale valid.

All that could be contended for, growing out of defendants' failure to register their objections at the time of the sale, might be that they were thereby estopped from raising the question on this appeal. But the record discloses the fact that they seasonably raised the question by motion before the trial court approved the report of sale of the special commissioner, and, after the overruling of all their prior motions they urged the same ground in their motion for a new trial, so that it was again brought directly to the attention of the trial court.

However, in our opinion, the silence of all the parties to the suit in respect to the lack of qualification on the part of the special commissioner, growing out of his failure to give the bond, would not have validated the sale, or carried any title to the purchaser. The statute in express terms required that he should have given and filed the necessary bond "before entering on the discharge of the duties of his office," therefore, he had no more authority to begin the advertisement or to conduct the sale than any private citizen.

It follows, from the views set out hereinbefore, that the judgment and order of the circuit court approving the report of the special commissioner and his purported sale of the property should be, and is hereby, reversed and the cause is remanded with directions to proceed with the case in a manner in consonance with the views herein set out. *Becker* and *McCullen, JJ.*, concur.