**STATE of Missouri at the relation of Ralph Y. HOPKINS and Margaret Hopkins, Relators,**

**v.**

**Hon. Robert STEMMONS, Sr., Judge of the Circuit Court of Newton County, Missouri, Respondent.**

No. 7604.

Springfield Court of Appeals.

Missouri.

April 22, 1957.

Motion for Rehearing or to Transfer Overruled May 17, 1957.

Henry Warten, Joplin, for relators.

James A. Poynor, Joplin, for respondent.

STONE, Judge.

In this original proceeding in prohibition, relators, Ralph Y. Hopkins and Margaret Hopkins, who purchased certain described real estate in Newton County, Missouri, at a foreclosure sale on July 23, 1956, seek to prohibit respondent, as judge of the circuit court of Newton County, from any further action in a certain statutory redemption proceeding under Sections 443.420 and 443.430. (All statutory references are to RSMo 1949, V.A.M.S.) In response to our preliminary rule in prohibition, respondent filed his "Motion to Dismiss," raising only legal issues to be determined upon the facts well pleaded in relators' petition, which here stand confessed. State ex rel. American Cent. Life Ins. Co. v. Landwehr, 318 Mo. 181, 183, 300 S.W. 294(1); State ex rel. Powers v. Rassieur, Mo., 184 S.W. 116, 118(4); State ex rel. Bowling Green Trust Co. v. Barnett, 245 Mo. 99, 114, 149 S.W. 311, 315(2);

State ex rel. Fowler v. Calvird, 230 Mo. App. 548, 551, 93 S.W.2d 1106, 1108(1); State ex rel. Harris v. Galloway, Mo.App., 21 S.W.2d 228, 229(1).

Joplin Investors, Inc. (hereinafter referred to as the redemptioner) undertook to institute a statutory redemption proceeding in the Circuit Court of Newton County by filing "Redemption Bond" and "Motion for Approval of Redemption Bond" on July 31, 1956, and by procuring, *on the same date,* an *ex parte* order by respondent judge approving the bond. The question posed in the instant case is whether respondent thereby acquired jurisdiction in the redemption proceeding, notwithstanding redemptioner's failure to give the prior written notice required by Section 443.430, the pertinent portion of which provides that "A motion or application for the approval shall be filed with the bond in the office of the clerk of the circuit court and at least one day's notice in writing thereof and of the time when the same will be filed and presented shall be given to the purchaser at such sale if he is a resident of the county and can be found therein, otherwise it shall be given to the trustee making the sale."

As stated in relators' petition in the instant case, they were residents of Newton County and could have been found therein. Cowgill Blair, Jr., the trustee making the sale, was (and is) a practicing attorney in an adjoining county. The record reflects no prior written notice (as required by Section 443.430) either to relators or to the trustee, no attempt by redemptioner to give notice, and no explanation or excuse for failure to do so. We observe parenthetically that on July 20, 1956, three days prior to the foreclosure sale, redemptioner had served written notice of intention to redeem (as required by Sections 443.410 and 443.420) both on the trustee and on one of the relators.

■ Redemptioner does not here contend that the quoted language of Section 443.430 is of obscure or doubtful meaning, but it insists that the provisions as to notice are merely directory, i.e., that their observance is not necessary to validity of the redemption proceeding. State ex rel. Ellis v. Brown, 326 Mo. 627, 633, 33 S.W.2d 104, 107(3). There is no absolute or universal rule by which statutory provisions may be distinguished and classified as mandatory or directory [State ex rel. Hay v. Flynn, 235 Mo.App. 1003, 1006, 147 S.W.2d 210, 211], and resolution of the ultimate issue in most cases is not materially simplified or substantially facilitated by reiteration of general principles expressed in broad, expansive language. It will suffice to say that " '(g)enerally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory' " [State ex rel. Ellis v. Brown, supra, 33 S. W.2d loc. cit. 107(5–6); Morris v. Karr, 342 Mo. 179, 182, 114 S.W.2d 962, 964; Sandrowski v. Sandrowski, 230 Mo.App. 1056, 1060, 93 S.W.2d 81, 83], but that, in each instance, the " 'prime object is to ascertain the legislative intention as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished.' " State ex rel. Rogersville Reorganized School District No. R-4 v. Holmes, 363 Mo. 760, 764, 253 S.W.2d 402, 404(1). See also State ex inf. Taylor ex rel. Borgelt v. Pretended Consolidated School Dist. No. 3 of St. Charles County, 362 Mo. 249, 255, 240 S.W.2d 946, 950(4); Warrington v. Bobb, Mo.App., 56 S.W.2d 835, 837(7).

■ It is obvious that the purpose of requiring a redemption bond is to protect the purchaser at the foreclosure sale [Updike v. Merchants' Elevator Co., 96 Mo. 160, 162, 8 S.W. 779, 780], and we think it equally plain that the notice requirement in Section 443.430 supplements and implements other statutory provisions di-

rected to that purpose. Furthermore, it would seem that, by requiring notice of filing and presentation of the redemption bond, the legislature appropriately intended to, and did, provide an opportunity for the purchaser at the foreclosure sale to be heard, *prior to approval of the redemption bond,* on "the right or not of the obligor or obligors in the bond to give bond and to make such redemption." See Section 443.430; Reynolds v. Justice, 228 Mo.App. 246, 249, 66 S.W.2d 169, 171. The instant redemptioner claimed the right to redeem, *not* as grantor in the *first* deed of trust under which the foreclosure sale of July 23, 1956, was conducted, but rather as grantee of the purchaser at a prior foreclosure sale under a *second* deed of trust. As relators emphasize, respondent's *ex parte* approval of the redemption bond, in effect, necessarily recognized redemptioner's right to redeem, although relators, beneficiaries in the *first* deed of trust and purchasers at the foreclosure sale thereunder, desired to challenge that right.

Failure to comply with the unambiguous notice requirement in Section 443.430 does not appear to have been discussed in any prior reported Missouri case, but numerous authorities point out that the right to effect a *statutory* redemption (as distinguished from an *equitable* redemption) can be exercised only in the mode and on the conditions prescribed in the statutes. Dawson v. Hetzler, 230 Mo.App. 737, 739, 74 S.W.2d 488, 489(3); State ex rel. Hanks v. Seehorn, 227 Mo.App. 666, 668, 55 S.W.2d 714, 715 (5); 59 C.J.S. Mortgages §§ 819a, 852a, loc. cit. 1563, 1648; 37 Am.Jur., Mortgages, § 823, p. 211; Ibid., § 836, p. 218; Thompson on Real Property (Perm.Ed.), Vol. 9, § 5098, p. 592. See also Moss v. King, 212 Mo. 578, 584, 111 S.W. 589, 591; Updike v. Merchants' Elevator Co., supra; Johnson v. Atchison, 90 Mo. 48, 53, 1 S.W. 751, 752; Brady v. Gilman, 96 Minn. 234, 104 N.W. 897, 1 L.R.A.,N.S., 835. Certainly, this should be true where, as here, no explanation or excuse for non-compliance is shown. Consult Dorty v. Soles, 248 Ala. 45, 26 So. 2d 261, 262(1); 59 C.J.S. Mortgages § 852a, loc. cit. 1649; Crawford on Statutory Construction, § 271, p. 539.

◼ The requirement in Section 443.430 that notice *"shall be given"* is couched in "the language of command, a test significant, though not controlling." Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 820, 79 L.Ed. 1566, 1569; Triangle Candy Co. v. United States, 9 Cir., 144 F.2d 195, 198, 155 A.L.R. 903. We recognize that "shall" and "may" have, at times, been used carelessly and indiscriminately [cf. Kansas City, Mo. v. J. I. Case Threshing Mach. Co., 337 Mo. 913, 931, 87 S.W.2d 195, 205(15)] and that our courts have not hesitated to hold that the manifest intent of a legislative enactment will prevail over the literal sense of its terms. State ex inf. Folk v. Talty, 166 Mo. 529, 559-560, 66 S.W. 361, 369; State ex inf. Dorian ex rel. Black v. Taylor, 208 Mo. 442, 452, 106 S.W. 1023, 1027; State ex rel. Kirks v. Allen, Mo.App., 255 S.W.2d 144, 148(1, 2). Nevertheless, the *general rule* is that "shall" indicates a mandate. State ex inf. McKittrick v. Wymore, 343 Mo. 98, 109, 119 S.W.2d 941, 944 (7), 119 A.L.R. 710; State ex rel. Stevens v. Wurdeman, 295 Mo. 566, 586, 246 S.W. 189, 194(7); "Rules of Statutory Construction for Legislative Drafting" by Pueser, 17 F.R.D. 143, 157. And, the use of mandatory language in one part of a statute and of permissive language in another part of the same statute, as in Section 443.430, sometimes has been thought to have been indicative of purposeful selection, requiring literal interpretation of the language employed. State ex inf. McKittrick v. Wymore, supra, 119 S.W.2d loc. cit. 944; Ballou v. Kemp, 68 App.D.C. 7, 92 F.2d 556, 560(4); Smith v. School Dist. No. 6, 241 Mich. 366, 217 N.W. 15; Lewis' Sutherland on Statutory Construction (2nd Ed.), Vol. II, Section 640, loc. cit. 1154.

◼ Public policy frequently impels interpretation of statutory language as directory in order that omissions or failures by public officials may not prejudice

the rights or interests of those having no direct and immediate control over such officials [e.g., State ex rel. Rogersville Reorganized School District No. R-4 v. Holmes, supra, 253 S.W.2d loc. cit. 404(3); State ex inf. Kamp ex rel. Rodgers v. Pretended Consolidated School Dist. No. 1 of Montgomery County, 359 Mo. 639, 223 S.W.2d 484, 488; Mead v. Jasper County, 322 Mo. 1191, 18 S.W.2d 464, 465(1); State ex inf. Gentry v. Lamar, 316 Mo. 721, 291 S.W. 457, 458(1, 2)], but no such consideration requires transmutation of the mandatory "shall" into the permissive "may" simply to rescue an individual from the consequences of his callous indifference to or willful disregard of plain statutory requirements, where his dereliction could have an adverse effect upon only his own private rights. People ex rel. Huff v. Graves, 277 N.Y. 115, 13 N.E.2d 599, 601 (1, 2); Application of Megan, 69 S.D. 1, 5 N.W.2d 729, 733(12); 50 Am.Jur., Statutes, § 35, p. 55; 82 C.J.S. Statutes, § 376, loc. cit. 875.

With the language of Section 443.430 so explicit and unambiguous and its meaning so clear and unmistakable, there is neither reason nor room for judicial construction [St. Louis Amusement Co. v. St. Louis County, 347 Mo. 456, 458, 147 S.W.2d 667, 669(1); Cummins v. Kansas City Public Service Co., 334 Mo. 672, 694, 66 S.W.2d 920, 931(20); State ex rel. Cobb v. Thompson, 319 Mo. 492, 496, 5 S.W.2d 57, 59; State ex rel. Collins v. Keirnan, 240 Mo. App. 403, 409, 207 S.W.2d 49, 53(2)]; and, we find nothing in Section 443.430 (or in any related statute) which would indicate a legislative intent that the non-technical and commonplace language hereinbefore quoted from the cited statute should be construed otherwise than in its natural, plain and ordinary sense and meaning, or which would afford any legitimate basis for refusal to accept and apply that language honestly and faithfully. State ex inf. Rice ex rel. Allman v. Hawk, 360 Mo. 490, 495, 228 S.W.2d 785, 788(5); Berry-Kofron Dental Laboratory Co. v. Smith, 345 Mo. 922, 926, 137 S.W.2d 452, 454(4); Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 989, 13 S.W.2d 628, 638(14); State ex rel. Jack Frost Abattoirs, Inc., v. Steinbach, Mo.App., 274 S.W.2d 588, 590(3).

■ We are constrained to conclude that substantial compliance with the mandatory notice requirement of Section 443.-430 is essential to confer jurisdiction on the circuit court to act in a statutory redemption proceeding. Instant relators followed approved practice by moving unsuccessfully in the circuit court to set aside respondent's *ex parte* order of approval of the redemption bond, before applying to this court for relief. See our comments on that subject in State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415. On the circumstances here shown, our preliminary rule in prohibition, restraining respondent from further action in the redemption proceeding (excepting only to dismiss same for want of jurisdiction), should be made permanent and absolute. State ex rel. Home Owner's Loan Corporation v. Bird, 232 Mo.App. 652, 110 S.W.2d 386, 388(4, 5). It is so ordered.

McDOWELL, P. J., and RUARK, J., concur.