**Viola HUNKLER, Walter P. Hunkler and Elsie Hunkler, His Wife, Elizabeth Hunkler, Emma D. Haug and John Haug, Her Husband, Almaretta M. Hilgert and Leo S. Hilgert, Her Husband, and Viola E. Hunkler, Administratrix of the Estate of Henry M. Hunkler, Deceased, Plaintiffs-Respondents,**

**v.**

**Laverne WILKE and Milton Wilke, Her Husband, and Louise S. Smith and Earl Smith, Sr., Her Husband, Defendants-Appellants.**

**No. 33170.**

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Alfred J. Rathert, St. Louis, for defendants-appellants.

Boedeker & Weil, John H. Stahlhuth, Clayton, for plaintiffs-respondents.

DOERNER, Commissioner.

The appeal in this partition suit comes to the writer by reassignment. The sole point presented is whether the allowances of fees made to the Special Commissioner and to plaintiffs' counsel are excessive. We conclude that they are not, and affirm.

Henry M. Hunkler, a resident of St. Louis County, died intestate on May 20,

1966, owning certain land situated therein. He was seized of the fee simple title to one tract referred to as Parcel No. 1, and owned an undivided one-third interest in three other tracts designated as Parcels Nos. 2, 3, and 4. The decedent was survived by four sisters and a brother, who together with their respective spouses are the plaintiffs; and by Mrs. Louise S. Smith, another sister, and Mrs. Laverne Wilke, a niece, (the daughter of George F. Hunkler, a deceased brother of the decedent) who together with their spouses are the defendants. Thus collectively the plaintiffs owned five-sevenths of the undivided interests in Parcel No. 1 and nineteen-twenty-firsts of Parcels Nos. 2, 3, and 4, or approximately 90%, while the defendants between them owned two-sevenths of the undivided interests in Parcel No. 1 and two-twenty-firsts of Parcels Nos. 2, 3, and 4, or about 10%.

On June 27, 1967, the court entered its interlocutory decree in which it ordered the property to be sold at public sale to the highest bidder for cash, appointed Jack J. Schramm as special commissioner to make said sale, and ordered him to give bond in the amount of $50,000, which was done. The sale was held on September 12, 1967, at which time the plaintiffs, as the highest bidders, bid in Parcel No. 1 for $7,300, and Parcels Nos. 2, 3, and 4 for $184,900, or a total of $192,000. The special commissioner's report of sale, subsequently filed, contained a prayer for the allowance to him of a fee of $10,000 for his services, and the allowance of a similar sum to plaintiffs' attorneys, Edgar G. Boedeker and John H. Stahlhuth, for their services. A hearing was had, and on October 3, 1967, the court approved the special commissioner's report of sale, directed that deeds be executed and delivered, allowed the special commissioner and the plaintiffs' attorneys a fee of $10,000 to each, and ordered the distribution of the net proceeds. Defendants' motion to set aside the order allowing the fees and for a rehearing being overruled, they appealed.

At the hearing Mr. Schramm testified that upon accepting the appointment as special commissioner he secured and filed a bond in the sum of $50,000 as required by the court's order; reviewed the law with respect to his duties as special commissioner; checked the legal description of the four properties involved, as supplied by the title company; arranged for the publication of the notice of sale; drafted notices to the parties involved; visited the tracts to familiarize himself with them; contacted a number of real estate people in an effort to interest them in bidding on the several parcels; on at least three occasions took potential bidders to view and examine the properties; wrote several letters to persons to stimulate the bidding; received and responded to so many telephone calls concerning the property that, at one point, he had to prepare a memorandum explaining how to get to the properties so that his secretary could relieve him of calls where the inquiry was only for directions to the tracts; consulted real estate experts concerning the value of the parcels and their probable sales prices to use as guidelines in conducting the sale; held the sale at the north front door of the county courthouse, as advertised, and stimulated the bidding at the sale; coordinated the payment of monies at the sale, calculated the interests of the parties, and prepared the report of sales. Mr. Schramm pointed out that Civil Rule 96.55, V.A.M.R., provides in part that a commissioner's bond shall be filed, " * * * in a sum sufficient to indemnify the parties, * * * " and that the price of $192,000 obtained at the sale was almost four times the amount of the bond fixed by the court; related that the opinions of real estate experts he had consulted as to the value of the properties had ranged from $85,000 to $100,000; and testified that his efforts to stimulate interest in the parcels and the bidding at the sale related directly to the results obtained. The court inquired what the established real estate commission rate was for undeveloped ground, and Mr. Schramm replied that the Real Estate Board of Metropolitan St.

Louis had established a commission of ten percent for the sale of such ground.

Both Mr. Boedeker and Mr. Stahlhuth, who were co-counsel for plaintiffs, testified as to the legal services rendered by them. Their testimony, in substance, was that after efforts to settle the differences between the parties proved unavailing they consulted with the plaintiffs regarding the institution of a suit for partition and received their instructions to file the same; viewed the property in question; engaged in legal research preparatory to drafting the petition; obtained the title company's four abstracts on the title to the parcels and examined the same because of the diverse interests involved; prepared and filed their petition; after defendants' motions to dismiss and for a more definite statement had been overruled, and defendants' answer had been filed, obtained the interlocutory decree from the court; and held six conferences with the special commissioner on various matters connected with the holding of the sale and the distribution of the proceeds. Mr. Stahlhuth stated that he did not keep time records and was unable to estimate the time he spent. Mr. Boedeker stated that while he did keep such records he did not have them with him at the hearing, but estimated that he personally had spent nearly a hundred hours. Both testified that in their opinion a fee of $12,000 for the services would be reasonable.

Civil Rule 96.56 provides that a special commissioner, "* * * shall receive such compensation for his services as may in case be fixed by the court," and Rule 96.51 directs that the court, "* * * shall allow a reasonable fee to the attorney or attorneys bringing the suit, * * *." As this court pointed out many years ago in Hake v. Hake, Mo.App., 13 S.W.2d 573, 575, the belief that a special commissioner should arbitrarily be allowed a sum for his services equivalent to 5 percent of the proceeds of the sale, or any other fixed percentage, is a misconception of the law, and a similar rule applies to attorney's fees.

On the contrary, under the foregoing Rules the duty is imposed upon the trial court to judicially ascertain in each case the nature and extent of the services rendered by the special commissioner and by the plaintiff's attorney, and to allow reasonable compensation in the light of the facts and circumstances shown in the case in hand. Munday v. Thielecke, Mo., 290 S.W.2d 88; Hake v. Hake, supra.

While certain guidelines have been suggested for consideration in determining what are reasonable allowances to special commissioners, Hake v. Hake, supra, and to plaintiff's attorney, Haley v. Horwitz, Mo.App., 290 S.W.2d 414, 418, inasmuch as such a determination may not be reached by any precise mathematical formula it necessarily follows that the trial court must be allowed a considerable discretion, to be soundly exercised, in arriving at its judgment. Our reported cases are replete with instances in which our appellate courts have upheld and approved the allowance of attorney's fees which in some instances were more, and in other cases less, than what is sometimes erroneously conceived to be the rule of thumb of 5 percent of the proceeds of the sale. For example, in Munday v. Thielecke, supra, where the property sold for $124,053, the Supreme Court held that an attorney's fee of $20,000, or more than 16%, was not excessive, while in Forsee v. McGuire, 109 Mo.App. 701, 83 S.W. 548, where the property sold for $80,000, an attorney's fee of $1500, or less than 2 percent was upheld. And see Donaldson v. Allen, 213 Mo. 293, 111 S.W. 1128; Parrish v. Treadway, 267 Mo. 91, 183 S.W. 580; Haley v. Horwitz, supra; Sandrowski v. Sandrowski, 230 Mo.App. 1056, 93 S.W.2d 81; Jennings v. Jennings, 225 Mo.App. 1010, 33 S.W.2d 165; Tanner v. Tanner, 199 Mo.App. 145, 203 S.W. 239; Connor Realty Co. v. St. Louis Union Trust Co., 176 Mo.App. 260, 161 S.W. 865.

The only authority cited by defendants in support of their contention that the allowances made by the trial court in the instant case are excessive is Haley v. Hor-

witz, supra. There the property sold for $175,580, and this court, after stating that it hesitated to question the judgment of the trial court, reduced the attorney's fee from $17,500 to $12,000, and that of the special commissioner from $10,000 to $6500. But as the court was at pains to point out, it did so only because (290 S.W.2d 419), "* * * the judgment shocks the conscience of the court * * *" and the fees allowed by the trial court were, "* * * excessive to such an extent as to constitute an abuse of judicial discretion. * * *" After considering the testimony and taking into account all of the relevant factors, we have reached the conclusion that the allowances as made by the trial court, while perhaps somewhat generous, were not so excessive as to constitute an abuse of judicial discretion. Munday v. Thielecke, supra; Haley v. Horwitz, supra.

Accordingly, the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, the judgment is affirmed.

WOLFE, P. J., BRADY, J., and MARSHALL CRAIG, Special Judge, concur.